In an action for an assault and battery, where the plaintiff recovers less than fifty dollars, he is entitled, by the code of procedure, to no more costs, including dislursements, than the damages recovered.
[t is no objection to this right, that the successful defendant put in a joint answer with one or more against whom the plaintiff has recovered.
In this action,- which was for an assault and battery, the plaintiff recovered twenty-five dollars damages against Duffy, and a verdict was found in favor of the other defendant. The defendants appeared in the suit by the same attorney, and put in a joint answer. Several questions were presented on the adjustment of costs, which were submitted to Sandford, J., at chambers, and decided by him, (after advising with all his associates, who concurred in the result), as follows; viz.
The successful defendant, Brown, is entitled to his costs. The construction we gave to § 305 of the code, in Comstock v. Bayan'd, 2 Sand. 705, decides this question. The circumstance that the parties put in a joint answer, does not affect the point. § 305 contains no limitation of that kind, and we held, that § 306 does not apply to the actions mentioned in the two preceding sections.
The question, whether, in addition to $25, which the plaintiff recovers against Duffy as costs, by force of the fourth subdivision of § 304 of the code, he is also entitled to his disbursements under § 311, is one of no little difficulty. On reading the various provisions of the code, respecting costs and in which costs are mentioned or referred to, most of us were inclined to agree with Hr. Justice Harris, of the supreme court, in his opinion in Ta/ylor v. Ca/rdjn&r, 4 Howard’s Pr. R. 67, and Mew-ton v. Sweet, ibid. 134. It seems, however, that the general term of that court in the seventh district, and all the judges of *762 the same court in the second district, concur in holding, that, in actions of slander, where the plaintiff recovers less than fifty dollars damages, he is not entitled to recover the fees of officers and disbursements, in addition to the amount of costs equal to the verdict. (Belcling v. Gonklmg, 4 Howard’s P. R. 196; Wheeler v. Westgate, ibid. 269.)
We think it is important to secure a uniformity of construction, so far as it is practicable, in administering the code ; and, in a really doubtful case, are disposed to yield our impressions to the conclusions generally adopted in the co-ordinate tribunals. ’ We will, therefore, hold, that a party entitled to costs by the fourth subdivision of § 304, on his recovering less than fifty dollars, can recover no more for his costs of suit, including his disbursements, than the damages recovered.