## DECKER *against* GARDINER & MATTHEWS.

In an action for a tort against two, where there is a verdict in favor of one defendant, and in favor of the plaintiff against the other defendant, the defendant prevailing is entitled of course to costs, under section 305 of the code of procedure.

Appeal from the Superior Court of the city of New York. Decker brought an action against the defendants for the conversion of a promissory note. Both appeared by the same attorney and put in a single answer, in which, however, each defendant answered "separately and not jointly," the matters of defence upon which he relied. The cause was tried before Mr. Justice DUER, on the 20th of February, 1851, when a verdict was found in favor of the defendant Gardiner, and in favor of the plaintiff against Matthews. Gardiner, upon application at a special term of the court, on the 10th of May, 1851, obtained an order for his costs against the plaintiff, and an allowance of one hundred dollars. The plaintiff appealed from the order to the general term of the court, where the order was affirmed, upon the ground that Gardiner having had a verdict in his favor at the trial was entitled to costs of course, under and by force of section 305 of the code of procedure, that the matter of such costs was not in the discretion of the court under section 306, and that that section does not apply to the case mentioned in section 304. The plaintiff appealed to this court.

*S. Beardsley* for appellant.

*N. Hill, Jr.,* for respondent.

RUGGLES, Ch. J., read an opinion in favor of affirming the judgment as to the part of the costs given under section 307 of the code upon the ground stated by Sanford J. in *Comstock* v. *Bayard* (2 *Sand. S. C. Rep.* 705), and as to

Decker *against* Gardiner.

the allowance of one hundred dollars on the ground that it was the exercise of a discretionary power given the court below with which this court could not interfere.

GARDINER, JEWETT, JOHNSON, MORSE and MASON, JJ., concurred in this opinion.

WILLARD, J., concurred in the opinion so far as it related to the ordinary costs, but was in favor of reversing the judgment on the ground that the allowance of one hundred dollars was made by the court below as a matter of course and not of discretion.

TAGGART, J., read an opinion in favor of affirmance, on the ground that the case was not within any of the provisions of title 10 of the Code of Procedure, and that the provisions of title 1 of chapter 10 of part 3 of the Revised Statutes was not necessarily repealed by section 303 of the Code of Procedure, but remained in force under section 471, and that under section 19 of the first title of the Revised Statutes referred to, the defendant Gardiner, who prevailed, was entitled to costs unless the court had certified that there was reasonable cause for making him a defendant.

The following resolution was then passed:

"Resolved, That the defendant Gardiner was entitled to costs as a matter of course, under section 305 of the code of procedure."

For the resolution—RUGGLES, Ch. J., GARDINER, JEWETT, JOHNSON, MORSE, MASON and WILLARD, JJ.

Against the resolution—TAGGART, J.

Judgment affirmed