Williams agt. Horgan & Horgan.

---

## SUPERIOR COURT.

### WILLIAMS agt. HORGAN & HORGAN.

Where one of several defendants, who has by separate answer made a separate defence, and is *not united in interest* with the others, succeeds on the trial, he is not in any action, *legal* or *equitable*, entitled to *costs as of course*, but must apply for them to the court. (*Code*, § 306.)

But if there is a *union of interest*, as an action upon *joint contract*, and all the defendants have set up a *joint* defence, though by separate answers, and the case be one of those mentioned in § 304, then, if the plaintiff does not succeed, they will be entitled to costs *as of course*, under § 305.

*It seems*, that in an action upon a *joint contract*, against several defendants, where

they set up a joint defence, though by separate answers, the plaintiff cannot have judgment against one defendant only—the others succeeding in dismissing the complaint.

*Special Term, Nov.,* 1856.

MOTION to vacate a judgment entered by one of two defendants, sued jointly, in respect to whom the complaint had been dismissed.

> G. STEPHENSON, *for plaintiff.*
> JNO. NEWHOUSE, *for defendants.*

SLOSSON, Justice. The action is for a money demand against both defendants charged jointly.

The defendants appeared by the same attorney, and put in separate answers, but setting up the same defence.

The referee dismissed the complaint as to one defendant, and gave the plaintiff judgment as against the other.

The defendant as to whom the complaint had been dismissed, entered up judgment for his costs, without a previous application to the court, as being entitled to costs of course under § 305 of the Code.

The present motion is to vacate the said judgment, on the ground that the case falls within § 306, and the costs are in the discretion of the court.

This section, (306,) as it reads since amendment of 1851, makes it discretionary with the court *in all actions,* (whether equitable or legal,) where there are several defendants, not united in interest, making separate defences by separate answers, and in which the plaintiff fails to recover judgment against all, whether to give costs or not to the defendants who have judgment in their favor.

Before the amendment of 1851, which consisted in substituting for the word "when," at the commencement of the second paragraph of § 306, the words "in all actions where," in an action against two for the conversion of a note, in which both defendants appeared by the same attorney, and put in a single answer, though in form several as to each, and a verdict

was found in favor of one and against the other, this court held that the defendant succeeding was entitled to costs as of course, and that the case did not come within § 306.

This decision was affirmed by the court of appeals, (4 *Seld.* 29,) and that court, by resolution, declared that Gardner (the defendant who succeeded) " was entitled to costs, as a matter of course, under § 305 of the Code of Procedure."

In a case subsequently tried in this court, after the amendment of 1851, (*Bulkley* agt. *Smith, Brush & Kettletas,* 1 *Duer,* 704,) which was also an action in *tort,* (malicious prosecution,) the plaintiff obtained a verdict against Smith and Brush, but Kettletas was acquitted. The plaintiff, to exonerate himself from the payment of costs, applied to the chief justice for a certificate under the Revised Statutes, (§ 19, *ch.* 10, *tit.* 1, *p.* 3,) that there was reasonable cause for making Kettletas a party. The application was considered by the judges, and the court held that the provisions of the Revised Statutes, in respect to the allowance of costs to defendants, were no longer in force, and that " as the defendants were plainly not united in interest, and Kettletas had made a separate defence, the allowance of costs to him was governed by § 306 of the Code, and therefore rested entirely in the discretion of the court, and that no judgment for costs could be rendered in his favor, except on his application, when it would be in time to consider of the propriety of allowing it."

Both these actions were in *tort,* and therefore in neither were the defendants united in interest; and yet in one case the court held the defendant who succeeded entitled to costs as of course, and in the other, held that costs were discretionary; and in neither case is reference made to the distinction between legal and equitable actions, which distinction it was the design of the amendment of 1851 to do away with, in respect to that class of cases which fall under the second paragraph of the section.

Without attempting to reconcile these cases, it is sufficient to say, that where one of several defendants, who has by separate answer made a separate defence, and is not united in interest with the others, succeeds on the trial, he is not in any

Williams agt. Horgan & Horgan.

action, legal or equitable, entitled to costs as of course, but must apply for them to the court, in whose discretion it rests to grant them.

If there is a union of interest, and all have set up a joint defence, and the case be one of those mentioned in § 304, then, if the plaintiff do not succeed, they will be entitled to costs as of course, under § 305.

The second paragraph of § 306 seems to have been intended, so far as it applies to legal actions, for actions of *tort*, or for money demands arising on contract several in their nature, or joint and several, and in which the answer of one defendant does not enure to the benefit of another. So, also, in an action on a joint contract, where one defendant sets up a defence personal to himself only, as infancy. So in an action against maker and indorser of a promissory note under the statute.

In all these cases, if the defendants answer separately, and one succeeds, his costs are in the discretion of the court; but where several are sued on a joint contract, and all, or either, deny the joint contracting, though by separate answers, the success of either enures to the benefit of the others, because the plaintiff cannot, in such case, have judgment against any. (*Code,* § 274; *Fullerton* agt. *Taylor*, 6 *Pr. Rep.* 259.)

Such a case is within § 305, and the defendants are entitled to costs of course.

Such appears to have been the present case. The plaintiff sued the defendants as jointly liable: each answered, denying the joint liability. The referee gave judgment for one of the defendants on this defence, but gave judgment for the plaintiff against the other defendant. I am not called upon to review this judgment; but, on the question of costs, I am of opinion that the case falls within § 305, and that the judgment was properly entered.

Motion to vacate judgment denied, with $7 costs.