Bank of Attica àgt. Wolf.

# SUPREME COURT.

## THE BANK OF ATTICA agt. CHARLES WOLF and others.

"In all actions where there are several defendants not united in interest, and making separate defences by separate answers, and the plaintiff fails to recover judgment against all, the court may award costs to such of the defendants as have judgment in their favor, or any of them." (*Code*, § 306, *second clause*.)

*Held*, that this clause was intended to include *all actions*, whether of a legal or equitable nature, where the circumstances therein mentioned, existed.

Therefore, where several defendants, sued as maker and indorsers of a promissory note, answered separately, and one of which succeeded on the defence of infancy, and taxed his costs and entered judgment against the plaintiff, of course. without any award of costs by the court, *held*, that he was irregular, and the judgment set aside.

*Niagara General Term, September*, 1859.

GREENE, *P. J.*, MARVIN *and* DAVIS, *Justices*.

APPEAL from order of special term, denying motion to set aside judgment for irregularity.

The action was upon a note made by the defendant Wolf, payable to the order of one Corning, and indorsed by the latter and one Meach. The action was against the maker and the indorsers, and the defendants answered separately. Wolf obtained a verdict upon the trial upon a plea of infancy. The plaintiff had a verdict against the other defendants. Wolf procured his costs to be adjusted and entered judgment therefor against the plaintiff, without any award therefor by the court. A motion was made at special term to set the judgment aside. It was denied, and the plaintiff appealed to the general term.

L. K. HADDOCK, *for the plaintiff*.
W. H. CUTLER, *for defendant, Wolf*.

By the court—MARVIN, Justice. By section 304 of the Code, costs are allowed, of course, to the plaintiff, upon a recovery in an action for the recovery of money, when he recovers fifty dollars or more, and, by section 305, the defendant is entitled to costs, of course, in the actions mentioned in section 304, unless the plaintiff be entitled to costs therein. The action in this case is one of those mentioned in section 304, and the defendant was entitled to costs, of course, unless such right is affected and controlled by section 306. In that section it is declared, "In other actions costs may be allowed or not, in the discretion of the court. In all actions where there are several defendants not united in interest, and making separate defences by separate answers, and the plaintiff fails to recover judgment against all, the court may award costs to such of the defendants as have judgment in their favor, or any of them."

Prior to the amendment of 1851, the last clause of this section above given read, " when there are several defendants," &c. The amendment consisted in substituting the words, "In all actions where," for the word "when." In *Decker*

agt. *Gardiner and another* (4 *Seld.* 29), it was held by the court
of appeals, that in an action of tort against two, and one of the
defendants had a verdict, and the plaintiff a verdict against the
other defendant, the defendant prevailing was entitled to costs,
of ·course, under section 305 of the Code. This case was de-
cided in 1853, but the question arose prior to the amendment
of 1851.

In *Daniels* agt. *Lyons and others* (5 *Seld.* 549), a like decision
was made in a like case, where the defendants had joined in a
single answer. This case was decided in 1854, but it appears
from the opinion of JOHNSON, J., that the question arose un-
der the Code of 1849. I am not aware that any decision has
been made by the court of appeals, giving construction to this
section of the Code, since the amendment of 1851. I have
been of the opinion that the amendment of 1851, substituting
the words, "in all actions where," for the word "when," had
not changed substantially the meaning of the section. But
decisions have been made to the contrary, and I am inclined
to think them correct.

In *Buckley* agt. *Bush and another*, the superior court of New-
York held, that in an action for a malicious prosecution against
several, the allowance of costs to a defendant who has answered
separately, and succeeds upon the trial, rests wholly in the dis-
cretion of the court. This decision was made in April, 1853.

In *Butler* agt. *Morris, &c.* (1 *Bosworth's R.*), the action was
against two joint makers of promissory notes. The defend-
ants answered separately. Morris put in the plea of infancy,
and succeeded upon this issue at the trial. The superior court
of New-York expressed the opinion, that the chapter of the
Revised Statutes, which includes the provision precluding one
of several defendants in an action upon contract, against whom
the plaintiff should fail to recover, from recovering costs, un-
less a certificate be given by the court, &c., that such defend-
ant was unnecessarily and unreasonably made a party to the
action, is superseded by the Code. And the court held that,
under section 306, as amended in 1851, the judge at the trial
could permit the plaintiff to discontinue the action without

costs: The effect of the decision is, that now the costs in all actions, where one of several defendants, not united in interest, &c., succeeds against the plaintiff, are subject to the award of the court.

In *Williams* agt. *Horgan and Horgan* (13 *How.* 138), Judge SLOSSON held, that by the amendment of 1851, the costs of one of several defendants not united in interest, &c., against whom the plaintiff fails to recover, could not be claimed as a right, but were in the discretion of the court whether the action were legal or equitable.

In *Cuyler* agt. *Coats and Coats* (10 *How.* 141), the action was upon a joint contract. One of the defendants pleaded infancy, and succeeded upon the trial. He entered judgment for his costs, and a motion was made to set it aside. The motion was denied by Justice WELLES at special term. He referred to *Hinds* agt. *Myers and others* (4 *How.* 356), as settling the question of the right of a defendant, who succeeds, to costs, when the plaintiff recovers against some of them, and fails as to others. He takes no notice of the amendment to section 306, though the decision was made in 1854, and it does not appear that the attention of the learned judge was called to the fact that the language of the second clause of the section had been changed.

I have noticed all the cases bearing upon the question referred to by the counsel, or which have come under my notice. The weight of authority is in favor of the position, that the legislature by the amendment of 1851, in section 306, intended to include *all actions*, whether of a legal or equitable nature, where the circumstances mentioned in that clause of the section existed, and without expressing any opinion whether the provision of the Revised Statutes above referred to (2 *R. S.* 616, § 20) is superseded, I am prepared to concur in the construction given by the superior court of the city of New-York to the second clause of section 306, so far as the question now under consideration is involved. It follows that the judgment in favor of the defendant Wolf, for his costs, entered without any award of the court, was irregular, and that it

should be set aside, and he must be left to make application to the court for an award of costs.

The order of the special term should be reversed, and the motion granted setting aside the judgment, but without costs.