NEW YORK PRACTICE REPORTS. 511

Bridgeport Fire and Marine Ins. Co. agt. Wilson..

## NEW YORK SUPERIOR COURT.

THE BRIDGEPORT FIRE AND MARINE INSURANCE COMPANY agt.
THOMAS WILSON and others.

In an action against several defendants *jointly interested* (on an indemnity bond)
who appear and defend by separate attorneys, and succeed in the action, they
are entitled to recover *separate bills of costs* as they have appeared, there
appearing nothing collusive or unfair, but on the contrary the defences being con-
ducted separately in good faith.

*General Term, April*, 1861. *Before all the Justices.*
APPEAL from motion denying retaxation of costs.

Mr. NASH, *for appellant—plaintiffs.*
Mr. J. W. GERARD, Jr., *for defendant Goll.*
Mr. DENNISON, *for defendant Brewster.*

By the court, WHITE, Justice. In this case an appeal is
taken to the 'general term, from an order made by the court
at special term, denying the plaintiffs' motion for a retaxa-
tion of the defendants' costs in this action.

The suit was brought upon an indemnity bond, executed
by the defendants Thomas Wilson, James E. Goll, Henry
P. Wilson and Henry Brewster. The three first named
defendants were parties in business at the time of the exe-
cution of the bond, and executed it as principals. The
other defendant, Henry Brewster, executed it as surety for
his co-defendants. He is and was then a resident of Con-
necticut. The other defendants were and are residents of
the city of New York. The partnership existing between
them had been dissolved before the commencement of this
action, and the defendant Goll was not on speaking terms
with his former copartners, the Wilsons, and occupied
towards them in their business affairs, an antagonistic posi-
tion. He appeared, therefore, and answered separately by

Platt, Gerard & Buckley, his attorneys. The defendants Wilson, appeared and answered by James W. Wilson, as their attorney; and the defendant Brewster appeared and answered in like manner separately, by William D. Booth, his attorney.

The defendants having succeeded in the action, three bills of costs, one for each defendant, or sets of defendants, appearing and defending separately, were taxed or adjusted by the clerk upon opposition against the plaintiffs, who appealed from that taxation to the special term of this court, alleging that only one bill could be taxed for all the defendants; that the defences were all one and the same, and that the defendants should not be allowed to sever, and thus unnecessarily and improperly seek to oppress the plaintiffs with more costs than were required for the proper protection of their rights—those rights being common to all, and the interest of all the defendants in the subject matter of the controversy being a joint interest, and no one defendant having any objection to present to the plaintiffs' recovery, which was not equally available for and possessed by all the other defendants.

It is true that the court will not permit any litigant before it to conduct the defence or prosecution of an action in an oppressive manner, when it has the opportunity or means to interpose its authority, and prevent injustice of that character. It will not, when it can prevent it, permit a party to realize the unjust fruit of proceedings taken in a cause, not for the purpose of protecting or enforcing any right, but solely with a design to mulct an adversary in unnecessary and unreasonable costs. And if the severance of the defence in this action was of the character alleged by the plaintiffs, that is, if it were a mere unnecessary and oppressive device to extract treble costs from an opponent, it would be such a case as the court could and would lay its hand on and prevent the accomplishment.

But we do not think the defendants in this action are

obnoxious to a charge of this kind. The affidavits and papers upon which the appeal has been argued before us fully disprove any improper motive or purpose such as is alleged against them. Hostile relations subsisted between some of the defendants, and it would hardly be reasonable to require that either of them should, under such circumstances, relinquish the right which every man possesses to defend himself in person, or by his own attorney, and place his cause in the hands of parties with whom he was at variance, and with whom it would not be in human nature that he could feel that he was as safe as if he had retained the matter under his own control.

The other defendant, Brewster, was a surety, residing in another state, unconnected in any manner with his co-defendants; and thus situated, and in view of the embarrassments and controversies in which the parties for whom he had become responsible were involved, it was neither improper nor surprising that he should choose not to abdicate the management of his own defence in favor of those who had brought him into the peril which rendered a defence necessary.

There appearing, therefore, to be nothing collusive 'or unfair, but, on the contrary, that the defences were conducted separately in good faith, there is no ground remaining upon which the defendants' right to recover costs severally as they have appeared, can be denied.

In all actions "for the recovery of money," section 305 of the Code, gives a defendant costs as a matter of right, and of course when the plaintiff, under the provisions of section 304, is not entitled to them. And this is the rule whether the action is founded in tort or on contract. (*Decker* agt. *Gardner*, 4 *Seld. R.*, 29 ; *Corbett* agt. *Ward*, 3 *Bosw. R.*, 632.)

To give but one bill of costs, where several defendants have justifiably severed in their defences, and appeared separately by different attorneys, would not be giving to them

the full measure of indemnity to which the law entitles them. This is the view which has always been taken of this question under both the old and present systems of practice. The case of *Castellanos* agt. *Beauville*, (2 *Sandf. Rep.*, 670,) in this court, was decided upon this principle; and we do not think the amendment of 1851, to section 306 of the Code, which has been referred to by the counsel for the plaintiffs, affects this particular question, this case not being one embraced within that section of the Code.

The order made at special term, must therefore be affirmed with ten dollars costs to the defendants.

HOFFMAN, J. Appeal from an order adjusting costs on appeal from the adjustment of the clerk.

The action was brought against four defendants on an indemnity bond. Three are described as principals and one as surety. The three were partners at the time of giving the bond, but not at the commencement of the action. Two of the partners put in a joint answer. Goll, the other former partner, appeared and answered separately, as did Brewster, the surety; all by separate attorneys, in no way connected with each other.

The several defendants were united in interest. The bond was joint. The answers were almost identically the same in language, certainly the same defences in each instance.

The complaint has been dismissed, and judgment given for the defendants. The order appealed from allows three full bills of costs for the defendants against the plaintiff.

The 305th section of the Code, provides that costs shall be allowed, of course, to the defendant, in the actions mentioned in section 304, unless the plaintiff be entitled to costs.

This, no doubt, is to be construed as applicable to the case of several defendants, as to one, and to several defending collectively as one defendant; it does not exclude the

idea of costs being allowed to one or more of several defendants defending separately.

Section 306 does provide for such a case, when some of the defendants, who make separate defences, succeed, and others fail. The court in such cases is allowed to give costs to such of the defendants as have judgment in their favor.

It is an argument of no little weight, that when the Code has expressly authorized a separate award of costs to successful defendants, not united in interest, it would seem to exclude a similar power when they are so united.

Yet we cannot conceive that the legislature meant to deprive a defendant, though united in interest, of the privilege of defending at the expense of the plaintiff, by an attorney of his own selection. By the rules of pleading formerly, they could all have united in the plea, but if they severed, they did not commit the fault of duplicity in pleading. (*Chitty on Pleading*, 1, 566.)

In *Corbett* agt. *Ward*, (3 *Bos. Rep.*, 632,) there was an action against two defendants for the recovery of money for services alleged to have been rendered to them, and on their promise to pay therefor. A referee decided that the plaintiff could have judgment against one, but not against the other; and a judgment was entered against one, and the action dismissed as to the other. It was held that the costs of the successful defendant could be allowed. *Decker* agt. *Gardiner* (4 *Selden's R.*, 29) was referred to, in which the defendants had put in a single answer, in which each defendant stated separately and not jointly, the matters of defence on which he relied. The jury found a verdict against one which carried costs, and a verdict for the other. The court of appeals decided that the defendant was entitled to costs as of course, under § 305. That, it was true, was an action in tort, and this is an action on contract. But in our view of the meaning of § 305 this difference is unimportant.

The true construction of § 305 is then to give to each of several defendants who succeeds, his costs, and, at least presumptively, he is entitled to them, whether he has united in a common or separate defence by a different attorney. The general power of the court may, however, be sufficient to control the subject, when it appears that there has been a separation for the mere purpose of increasing the costs and oppressing the plaintiff.

In the court of chancery such power was exercised by the 30th rule of 1830. (*See also Wendell* agt. *Lewis*, 8 *Paige Rep.*, 618; *and Gaunt* agt. *Taylor*, 2 *Beavan Rep.*, 346.)

No case like that being made out by the plaintiff, the order appealed from must be affirmed, with costs.