## PORTER *a.* WILLET.

*New York Superior Court; At Chambers, April,* 1862.

CLAIM AND DELIVERY OF PERSONAL PROPERTY.—ACTION OF REPLEVIN.—DOUBLE COSTS.

The action of replevin, in all except its form, and the additional provisional remedy provided by the Code (§ 211), remains where it was left by the Revised Statutes, and the rights arising incidentally under it must be regarded as continuing unrepealed by the Code.

In an action to obtain the delivery of personal property, the plaintiff had a verdict for the return of a portion of the property, assessed at $200 in value, and the defendant a verdict for the residue. *Held,* that each party was entitled to costs against the other.

Appeal from an adjustment of costs.

This was an action by James L. Porter against James C. Willet, sheriff, &c., for the wrongful taking and detaining from the plaintiff of one thousand pounds of brass kettles, six barrels of sad-irons, four sets of tinners' tools, and two casks of hollow ware, of the value of $750. The plaintiff claimed a delivery of

the goods, or if a delivery could not be had, then to recover their value. The defendant denied property in the plaintiff: he also denied the wrongful taking, and justified the taking, under several executions against one Thomas Smith. It was submitted to the jury to find whether the sheriff had levied upon all the goods, there being evidence that part of the goods sold by him were not in his view at the time of the alleged levy, and the jury were instructed that if they found that any part of the goods had not been levied on, the plaintiff was entitled to a return of such part, or to recover their value. The jury found a verdict for the plaintiff for the return of the four sets of tinners' tools, and assessed their value at $200, and damages for the detention at $44.50, and they found for the defendant for the return of the residue of the property, and assessed its value at $544, with six cents damages for its detention. Both parties claimed costs, and the clerk, under objection, adjusted the defendant's costs at $321.90, being double costs in favor of a public officer.

The plaintiff now moved for a readjustment of costs.

*A. R. Dyett*, for the motion.—I. The defendant is not entitled to costs. The Code (§ 304) gives costs of course to the plaintiff. By section 305 the defendant is entitled to costs " in the above actions," unless the plaintiff is entitled to costs. There is no other provision on the subject of costs in actions of replevin, and nothing will be implied *expressio unius exclusio alterius* and *expressum facit cessare tacitum.* 1. Under the Revised Statutes it was held (12 *Wend.*, 285), that in such a case the court would consider the declaration as containing two distinct counts for each parcel. This was under special provision of the Revised Statutes (2 *Rev. Stat.*, 617, § 26), not re-enacted in, and inconsistent with the foregoing provision of the Code. There was no such rule before the Revised Statutes. (1 *Wend.*, 277; *Grah. Pr.*, 584.) The Code has entirely remodelled the law on the subject of costs to parties. 2. The defendant there had judgment for return and damages, and so he had in Johnson *a.* Fellows, cited *infra.* Here he cannot. (2 *Rev. Stat.*, 532, § 22; *Ib.*, 530, § 16; *Code,* § 277.) 3. At that time, in replevin both parties were considered actors—a peculiarity to the action. 4. The Code (§ 385) gives the right now

to the defendant to make an offer to take judgment in any action to any effect. This would include an offer to take judgment for the property he was not entitled to take, and thus he could avoid costs. The law at the time of the decision in 12 *Wend.*, 285, contained no such provision. 5. The decision itself is ill considered and hasty. Why should not the same rule apply in *trespass de bonis,* or assumpsit, for two counts, and a recovery for only one? Yet, whoever heard of it? (Bull *a.* Ketchum, 2 *Den.*, 188.) 6. The defendant in 12 *Wend.*, 285, did not put in any avowry, but pleaded simply *non cepit,* which gave him the benefit as a public officer of any pleas he might have put in. This is not an application under the Code. There is no general issue, and no such privilege. 7. The decision professes to follow 2 *Wend.*, 632, which has no application, as it was a case of separate and distinct counts and avowries. 8. In Johnson *a.* Fellows (6 *Hill,* 353), the Supreme Court evidently doubt the accuracy of the decision in treating the declaration as having two counts (pp. 354, 355), and declined to follow it, but put their decision on the ground that the case should be treated as containing distinct avowries, because the defendant was a public officer, and under *non cepit* had all the benefit of special pleadings ; and then there would be two distinct pleas, and then the case would come within the Revised Statutes, which requires not two counts, but two distinct issues (see the case in 12 *Wend.*, 285), and the officer was entitled to judgment for return. Here he is not. 9. The Supreme Court, in 12 *Wend.*, fell into error,—in supposing there could be two counts for one indivisible taking (repudiated in 6 *Hill,* 353; Farrington *a.* Payne, 15 *Johns.*, 432) ; and in supposing there could be two separate pleas to parts of same count—a plea must answer the whole count.

II. Pleadings in all actions are similar in construction. But, as we have shown (under 2 *Rev. Stat.*, 532, § 22; *Ib.*, § 16; and *Code,* § 277), the property not being delivered to the plaintiff, the defendant was not entitled to any verdict at all, and that part of the verdict was surplusage or erroneous, and amendable (12 *Wend., supra*),—the defendant is not entitled to costs. (Briggs *a.* Allen, 4 *Hill,* 538.)

III. But the defendant is only entitled to single costs, not succeeding on the whole record. (12 *Wend., supra.*)

IV. A motion was necessary to get these double costs, and any objection can be taken now. (2 *How. Pr.*, 127.)

*A. J. Vanderpoel*, opposed.—I. The issue as to the right to a portion of the property, to wit, $544 worth, having been found in favor of the defendant, he is entitled to recover his costs. Under the Revised Statutes this right was clear, and the Code has not changed the rule. (2 *Rev. Stat.*, 617, § 26 ; Seymour *a.* Billings, 12 *Wend.*, 285 ; Rogers *a.* Arnold, *Ib.*, 288, *note* ; Johnson *a.* Fellows, 6 *Hill*, 353 ; Hull *a.* Halsted, 1 *How. Pr.*, 174 ; Powell *a.* Hinsdale, 5 *Mass.*, 343.) The Code has not abrogated the provisions of the Revised Statutes. In Summers *a.* Jarvis this question arose before Justice Davies, May, 1856. The court gave to each party costs.* The Revised Statutes

---

* In SUMMERS *a.* JARVIS (*Supreme Court, First District, At Chambers, May*, 1856), it was *Held*, in a case similar to the one stated in the text, that both parties were entitled to costs.

That was an action by Susan Summers against George Jarvis and John W. Somerendyke, to recover possession of a quantity of household furniture, comprising among other articles a piano. The complaint averred that, at a time and place stated, the defendants wrongfully and illegally took, and now wrongfully detained, the property therein described, of the value of three hundred dollars. The defendants answered separately : the defendant Jarvis denying the wrongful detention and plaintiff's title, and Somerendyke, who was a constable of the city and county of New York, denying generally the allegations of the complaint. Both defendants justified the taking and detention, under an execution against one Palmer.

The cause was tried at circuit. The jury rendered a verdict for the defendant on the whole issues, excepting as to the claim for the pianoforte, which they found for the plaintiff, and assessed its value at $100, with $14 for its detention. The defendants claimed their costs.

*Thomas B. Van Buren*, for the plaintiff.

*Dennis McMahon*, for the defendants.—The Supreme Court, in Seymour *a.* Billings (12 *Wend.*, 285), held that in replevin, where the declaration contained only one count for a variety of articles, and a plea of property was interposed by the defendant, and the jury found that a portion of the articles was in the plaintiff, and the value exceeded $50, and the residue in the defendant, that each party was entitled to recover costs against the other, the declaration being viewed as containing two distinct counts for the respective parcels, or the plea as a separate and distinct avowing for each parcel.

Under the Revised Statutes (2 *Rev. Stat.*, 531, §§ 53, 54 ; 3 ed., 619, §§ 53, 54), as expounded in Seymour *a.* Billings (12 *Wend.*, 285); Small *a.* Bixley (18 *Ib.*, 514); Johnson *a.* Fellows (6 *Hill*, 353), each party in replevin succeeding as to part of the property in dispute got costs against the other. The defendant as

have not been expressly repealed except as to " all statutes establishing or regulating the costs or fees of attorneys, &c. (*Code*, § 303.) This repealing clause affects only those provisions contained in the third title of the chapter entitled, " Of costs and the fees of officers." (2 *Rev. Stat.*, 612.) The provision under which the defendant claims costs is contained in the first title. (Bartle *a.* Gilman, 18 *N. Y.*, 260 ; Dresser *a.* Wickes, 2 *Abbotts' Pr.*, 460 ; Kalt *a.* Lignot, 12 *How. Pr.*, 535 ; Decker *a.* Gardiner, 8 *N. Y.*, 29 ; see, also, Cuyler *a.* Coats, 10 *How. Pr.*, 141.) The provisions of the Code are not inconsistent with the previous statutory provisions so as to bring the

well as the plaintiff was an actor, and as such entitled to affirmative relief and award of judgment in his favor on the roll.

The Revised Statutes (2 *Rev. Stat.*, 617, §§ 2, 26) provided as to the award of the costs to each party when separate issues are thus decided. So that under the old practice the law was well settled, that in such case each party was entitled to costs. Has the Code abrogated that? Dresser *a.* Wickes (2 *Abbotts' Pr.*, 460) held that the provision of the Revised Statutes which awarded costs to each party on the issues on which he succeeded was not abrogated by the Code, and was still in force.

This decision is controlling in favor of our view, if this court adopt it. But does the Code abrogate that provision?

Section 303 of the Code says that all statutes establishing or regulating the costs or fees of attorneys, &c., are repealed. The meaning of that language is, that the former law of costs, so far as it establishes particular sums for particular services, and the items of costs, are abolished,—not the broad principles which regulate and control the right to costs. If that were not so, then the provisions of the Revised Statutes as to security for costs, champerty, and maintenance, are abolished, yet we have decisions that they are not abolished by the Code,—viz., Barry *a.* Whitney (1 *Code R.*, *N. S.*, 101); Ashbahs *a.* Coussin (2 *Sandf.*, 632).

In Decker *a.* Gardiner, costs were allowed to one of two defendants, where he was acquitted in an action of tort, and judgment rendered against the other defendant. The same doctrine applies in case of joint contractors, so decided in Cuyler *a.* Coats (10 *How. Pr.*, 141). Then again the defendants in this cause are as much plaintiffs as the plaintiff is herself. Therefore, they come within the spirit of section 304.

This last view is quite evident by examining sections 211 and 277 of the Code, and in fact the case of Small *a.* Bixley (18 *Wend.*, 514) decided that they were actors as well as the plaintiff.

Such, then, being the case under section 274, there must be a double award of judgment in this action on the verdict, so that in fact there will be two prevailing parties, and the judgment is the index of who is the prevailing party ; and under section 303 both prevailing parties are entitled to costs.

DAVIES, J., awarded costs to each party, and directed that on the entry of judgment, such costs should be offset, and the excess only inserted in the judgment and execution.

case within § 468 of the Code. The provisions of our Revised Statutes were in accordance with the English decisions under their statute. (Brooke *a.* Willet, 2 *H. Black.*, 435; Dodd *a.* Joddrell, 2 *T. R.*, 235; see, also, Clark *a.* Keith, 9 *Hammond Ohio*, 72.)

II. The defendant is entitled to double costs on the issues found in his favor.

III. No motion is necessary to entitle a party to double costs. (Wheelock *a.* Hotchkiss, 18 *How. Pr.*, 468.)

*A. R. Dyett*, in reply.—The case in 1 *How. Pr.*, 174, was before the Code. The nature of the pleas or issues is not stated, and it appears, besides, the defendant was entitled to and had a verdict for part, and also an amount of rent found to be due from plaintiff to defendant. The case of Summers *a.* Jarvis is not reported, and we have no opinion before us to know the reasons of the judge, and it was but a special-term opinion. The case, I am informed, was settled. The case in Massachusetts has no application. Dresser *a.* Wickes does not touch the primary question in this case. The whole foundation of defendant's position must rest on 12 *Wend.*, 285, and 6 *Hill*, 353, and those cases are based entirely on 2 *Rev. Stat.*, 619, § 26, and the statute authorizing officers to plead *non cepit*, as before we have shown.

Monell, J.—Upon the cases of Seymour *a.* Billings (12 *Wend.*, 285); Rogers *a.* Arnold (*Ib.*, 288, *note*); Johnson *a.* Fellows (6 *Hill*, 353), and Hull *a.* Halsted (1 *How. Pr.*, 174), the defendant is entitled to costs in this action, unless the changes produced by the Code have taken from them their weight of authority.

The action of replevin before the Code was regulated by statute (2 *Rev. Stat.*, 521), which prescribed the form of the writ, declaration, and pleas. The writ was either for the taking and unjust detention, or for the unjust detention only, or for both the wrongful taking and detention. Where the action was founded on the wrongful taking, the plea of the general issue (*non cepit*) put in issue not only the taking, but the taking in the place stated, when the place was material. Under this plea, the plaintiff was not required to show property in himself;

nor could the defendant, unless he was a public officer (2 *Rev. Stat.*, 353, § 15), prove property in himself or in a third person. Where the action was for the wrongful detention, the plea of the general issue (*non detinet*) not only put in issue the detention, but the property of the plaintiff. Under either of these pleas, if the jury found for the plaintiff, they assessed his damages, and the value of the goods; if they found for the defendant, they assessed his damages, and the value of the goods. If the plaintiff had the verdict, and the goods had been replevied, the judgment was for his damages and costs; but if they had not been replevied, he had an additional judgment for the return of the goods, or in default of a return, that he recover their value. In an action against the sheriff, whether in the *cepit* or *detinet*, if he had a verdict, and the goods had been replevied, he had judgment for a return and damages; if not replevied, his judgment was for damages and costs only. And these were the appropriate judgments under the plea of the general issue alone. A defendant, a public officer, would have to plead or give notice specially of property out of the plaintiff to authorize a judgment for the return.

Had this action been under the Revised Statutes, it would have been both for the taking and detention. The allegation in the complaint is, "that the defendant has wrongfully taken and wrongfully detains," &c. The plea of the general issue would have been both *non cepit* and *nón detinet*, which would have put in issue the taking, and also property in the plaintiff, and the defendant could have proved property in himself or in a third person.

The distinction which was attempted to be drawn between actions in the *cepit* and *detinet*, if any exists, can have no force in this case, which, as we have seen, is both for the taking and detention, and it gains no additional strength from the provisional remedy provided by the Code for reclaiming property.

The verdict in this case was for the plaintiff for part of the property, "and for the defendant for the return of the residue," describing it, and assessing its value. It seems to me we are brought with great clearness within the principle of the cases to which I have referred.

The action of replevin in all except its form, and the additional provisional remedy provided by the Code (§ 211), re-

mains where it was left by the Revised Statutes. The form and name of the action is abolished, but the cause, the right, and the remedy remains to be enforced and pursued, not by the old formula, but by newly prescribed proceedings. The effect given, therefore, to the action by the courts, under the Revised Statutes, and the rights arising incidentally under it, must be regarded as continuing unrepealed by the Code.

But it is said that this splitting a declaration into two counts, as was done in Seymour *a.* Billings (12 *Wend.*, 285), was unknown before the Revised Statutes. This is not so. The revisors, in their notes to the section of the Revised Statutes referred to, say (3 *Rev. Stat.*, 2 ed., 798): "The questions presented in the preceding section have given rise to much difficulty in England. See cases well collected in the American edition of Comyns' Digest, vol. 3, p. 237, from which the preceding rules have been extracted, as being upon the whole the best guide that can be given, and preferable to the discretion given by 1 Rev. Stat., 519." And they refer to several English cases where costs were given to both parties,—viz., 1 *East*, 350; 1 *T. R.*, 654; 6 *Ib.*, 602.

By the Revised Laws of 1813 (vol. 1, p. 519, § 10), costs to both parties was in the discretion of the court.

The only remaining question to be examined, is whether the Code (§ 303), which repeals "all statutes establishing or regulating the costs of attorneys, solicitors, and counsel in civil actions," has in terms or effect repealed the provisions of the Revised Statutes, under which the defendant claims costs in this action. In addition to a special-term decision (Dresser *a.* Wickes, 2 *Abbotts' Pr.*, 460), which holds expressly that this provision of the statute is not repealed by the Code, it has frequently been decided that many parts of the Revised Statutes, establishing the right to costs in certain cases (not the amount) are not affected by the Code. Thus double costs to a public officer. (2 *Rev. Stat.*, 617, § 24; Decker *a.* Gardiner, 8 *N. Y.*, 29; Bartle *a.* Gilman, 18 *Ib.*, 260.) In the latter case, the court substantially held, that the "first" title of chapter 10, of part 3 of the Revised Statutes, relating to costs and fees of officers, is not repealed; and it is apprehended that many of the provisions of that title, giving or refusing costs in prescribed cases, are still in force.

But it is said that section 305, which gives to the defendant costs of course in the actions mentioned in the preceding section 304, unless the plaintiff be entitled to costs therein, must be deemed to exclude the defendant from costs in all cases where the plaintiff is entitled to them, and that therefore the provisions of the Revised Statutes giving costs to both parties in certain cases, is repealed by implication. I am not aware that this argument is new. The effect of sections 304, 305, as repealing by implication, was incidentally considered in Dresser *a.* Wickes, and must necessarily have been regarded in Decker *a.* Gardiner and Bartle *a.* Gilman. No greater effect can be given to sections 304, 305, than to section 303. All these sections relate to the costs or fees of attorneys, and excepting so far as they and other parts of title 10 of the Code fix the rate of compensation allowed to the party, they do not affect or repeal the right to costs in certain cases conferred by the Revised Statutes.

An argument was made from the seeming difficulty in adjusting costs to both parties in one action under the Code. If such a difficulty exists, which I cannot see, it may be a good reason to address the Legislature for a repeal or modification of the existing law, but cannot, unless it is insurmountable, affect the judgment of the courts. But no such difficulty exists. The rate of costs to a party is as clearly defined now as it was under the old " fee bill ;" and although it may seem disproportionate, it affords no reason for supposing that the Legislature did not intend to give it.

As the right to "double" costs in this action was abandoned by the defendant under direct authority against it, the amount must be adjusted accordingly. In all other respects the motion for a retaxation must be denied.

As this is a new question, no costs are given on the motion.