POSTELL *vs.* CHAPMAN.

Where, on the trial of a claim interposed to the levy of an execution on a boat, it appeared that a half-interest in the boat belonged to the claimant and the other half to the defendant in execution, and the jury found that a half-interest was subject to the levy, the

costs of the case should have been apportioned equally between the claimant and the plaintiff in execution.

(a) In such a case as this, equality is equity. Both parties were at fault, the plaintiff in levying on too much of the boat, and the claimant in claiming too much of it. If the claimant had claimed merely an undivided half-interest, the costs would have fallen entirely upon the plaintiff in execution.

July 11, 1888.

Executions. Claims. Costs. Before Judge HARDEN. City court of Savannah. November term, 1887.

Reported in the decision.

GARRARD & MELDRIM, by brief, for plaintiff in error.

DuBIGNON & FRASER, by R. G. ERWIN, *contra.*

BLANDFORD, Justice.

An execution in favor of Chapman was levied upon a boat as the property of Inness, the defendant in execution. Postell interposed a claim. On the trial, it appeared that a half-interest in the boat belonged to the claimant, and the other half-interest to the defendant in execution; and the jury found that a half-interest was subject to the levy. The court awarded all the costs against the claimant; to which the claimant excepted.

We think the costs should have been apportioned equally between the claimant and the plaintiff in execution. In such a case as this, equality is equity. Both parties were at fault, the plaintiff in levying on too much of the boat, and the claimant in claiming too much of it. If the claimant had merely claimed an undivided half-interest, the costs would have fallen entirely upon the plaintiff in execution. Our view of this case is sustained by the Supreme Court of South Carolina in the case of Storey *vs.* Bailey, decided March 1, 1888, (The Reporter, Vol. 25, p. 504,) and by the authorities cited in that case; Martin *vs.* Vallance, 1 East, 350; Day *vs.* Hanks, 3 T. R. 654; Seymour

*vs.* Billings, 12 Wend. 285; *Johnson vs.* Fellows, 6 Hill, 353; Porter *vs.* Willett, 14 Abb. Pr. 319; Summers *vs.* Jarvis, *Id.* 322, note.

We reverse the judgment of the court below, and direct that half of the costs be entered against the plaintiff in execution and the other half against the claimant.

Judgment reversed.