THE GEORGIA PACIFIC RAILWAY COMPANY *vs.* RICHARDSON.

Where, in an action for damages against a railroad company, the allegations in the plaintiff's declaration would not entitle him to recover if established, and they show that he was guilty of gross negligence, a demurrer thereto should be sustained.

July 11, 1888.

Pleadings. Railroads. Negligence. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1887.

S. L. Richardson sued the Georgia Pacific Railway Company, alleging that it had damaged him $5,000 by reason of the following facts: On June 6, 1884, late in the evening, petitioner was on the track of defendant at the Nickajack trestle, in Georgia. He was knocked therefrom and injured by the running of defendant's locomotive and cars, without fault or negligence on his part; and it was due to the negligence of defendant in running at too great a rate of speed, and in neglecting to ring its bell or blow its whistle as a warning to him, and in failing to have a good headlight, and in not checking the speed of the train. Plaintiff carefully listened for an approaching train before he undertook to cross the bridge or trestle, but heard none. The trestle or bridge was so constructed that, with safety, plaintiff could have dropped down between the beams. The train of defendant approached from behind plaintiff. The universal custom of defendant was to blow its whistle just before reaching this place; this it failed to do. The

plaintiff could have been seen from the engine for a considerable distance before it struck him. The remainder of the declaration details the nature and extent of plaintiff's injuries.

The declaration was amended by alleging that the train which struck him was a passenger-train; that he could have been seen from the engine by the engineer or fireman in the ordinary discharge of their duties as such, by the use of ordinary and reasonable diligence, long before the engine struck him, and a sufficient time before it struck him for the train to have been stopped and the collision avoided; that the trestle was one frequently used as a crossing by people in that section; and that defendant had permitted it to be so used without objection.

The defendant demurred to the declaration as amended, on the ground that it did not set out a cause of action. The demurrer was overruled, and defendant excepted.

HOPKINS & GLENN, for plaintiff in error.

HOKE & BURTON SMITH, *contra.*

SIMMONS, Justice.

Richardson brought his action against the Georgia Pacific Railway Company for personal injuries. The declaration is fully set out in the official report of this case, and it is unnecessary to recopy it in this opinion. The defendant demurred to the declaration on the ground that it did not set out a sufficient cause of action. The demurrer was overruled, and the defendant excepted.

We think the court erred in overruling this demurrer. We have carefully read this declaration and the amendment thereto, and do not think that any sufficient cause of action is set out against the defendant. The plaintiff, according to the declaration, went upon a trestle on the defendant's road, in the night-time, about the time he knew the defendant's train would come along and pass

over the trestle. He alleges in the declaration that if the engineer had blown his whistle, he could have fallen between the cross-ties and hung by his hands until the train passed, and that the engineer and fireman could have seen him by the exercise of ordinary diligence. He does not allege what he did to avoid the injury to himself. It may be inferred, however, from the allegations in the declaration, that he could have seen the engine approaching much sooner than the engineer could have seen him, and that he made no effort to avoid the injury. There was no public crossing near this trestle which required the engineer to blow his whistle. There was no allegation in the declaration that the engineer or fireman did see the plaintiff before he was injured. It does not allege that the neglect on the part of the engineer was wilful. We therefore rule that there are no such allegations in the plaintiff's declaration as would authorize him to recover against the defendant in case he could establish all the allegations therein by proper testimony; and we think the averments therein show that he was guilty of gross negligence and carelessness, and that the court below should have sustained the demurrer.

Judgment reversed.