## BATTLE *v.* GEORGIA RAILWAY AND ELECTRIC CO.

In an action against a street-railway company, for damages alleged to have been sustained in consequence of the failure of one of its cars to stop at a given station on its line, in response to a signal to do so by a person there intending to board the car as a passenger, it should appear, from the petition, that it was the duty of the company to stop the particular car in question at that station for the purpose of taking on such person as a passenger. The petition in the present case failed to comply with this rule, and was therefore properly dismissed on demurrer.

Argued July 14, — Decided August 12, 1904.

Action for damages. Before Judge Reid. City court of Atlanta. October 14, 1903.

*Burton Smith, George Gordon,* and *J. A. Branch,* for plaintiff. *Rosser & Brandon, W. T. Colquitt,* and *B. J. Conyers,* for defendant.

Fish, P. J.   In an action brought by J. B. Battle against the Georgia Railway and Electric Company, the petition was, in substance, as follows:   Plaintiff's wife and daughter, a child five years of age, on December 25, 1902, went to one of the defendant's stations, a mere open shed, on its "River Line," intending to take one of its cars to Atlanta.   After waiting in the station for some time, one of defendant's cars passed, outward bound.   After going to the end of the line, this car returned, going toward Atlanta, and as it approached the station at which plaintiff's wife and child were waiting, they stood on the platform near the track and signaled to the motorman on the car that they wished to board the same, but the car, instead of being stopped to take them on, was run by the station at full speed, allowing them no opportunity to get on.   By reason of the failure of the motorman to stop the car, plaintiff's wife and child were compelled to wait in the open shed, with no fire, for more than an hour, and, in consequence thereof, both of them were made sick, and plaintiff was damaged in the manner set out in the petition.   The suit was for compensatory and punitive damages.   The petition was dismissed on general demurrer, and the plaintiff excepted.

The plaintiff's right to recover, under the allegations of his petition, depended upon whether the defendant company was under any duty to him, or his wife and child, to stop the particular car which his wife signaled, at that station, to take her and the child on as passengers.   It is well recognized that railroad companies have the right to make reasonable rules for the regulation of their business and the performance of their duties to the public, and in pursuance of this right they may, in the absence of any statutory provision to the contrary, operate through trains for the carrying of passengers, or freight, which stop only at particular stations along their lines.   There is no statute of this State which requires all trains to stop at every station along the line.   It is well known that railroad companies operate special trains on which the general public are not permitted to ride.   They also run freight trains, and work or construction trains, which do not carry passengers.   Street-railroad companies may run cars of like character.   They may, and do, operate suburban, or inter-urban cars, which do not stop at all stations, and special cars, work or emergency cars, and express cars which do not carry passengers.

There was nothing in the petition to show the character of the car which failed to stop at the station in question upon the signal of the plaintiff's wife. So far as the petition shows to the contrary, it may have been a car of the character of one of those above enumerated, which did not carry passengers, or which did not, according to the schedule under which it was operated, stop at that particular station. We are clear, therefore, that, under the facts alleged in the petition, no duty upon the defendant to stop the particular car at the station in question, to take on the plaintiff's wife and child as passengers, was shown, and that the demurrer to the petition was properly sustained.

The plaintiff in error cites. *Caldwell* v. *R. Co.*, 89 *Ga.* 550, *Western & Atlantic R. Co.* v. *Voils*, 98 *Ga.* 446, and *Brown* v. *R. Co.*, 119 *Ga.* 88. We do not think these cases are in point. In *Caldwell's* case the railroad company received a passenger and collected her fare to a particular station, the conductor knowing that she desired and intended to leave the train at that station. It was held that the company was charged by the law with the duty of stopping the train at that station and affording the passenger an opportunity to alight. In the *Voils* case it was held : " A person who goes to a flag station on a railroad at which there is no ticket office, for the purpose of boarding a train, is, upon properly signifying an intention to get on a passenger-train which has actually stopped, entitled to the rights of a passenger." In *Brown's* case the plaintiff bought from an agent of the railroad company tickets for himself and wife, entitling them to transportation upon a particular train, which failed to stop for them, which contract, of course, imposed a duty on the railroad company to stop that particular train at the place where they were waiting to board it.

*Judgment affirmed. All the Justices concur.*