11319.    OGAIN *v.* IMPERIAL CAFE INCORPORATED.

LUKE, J. The petition did not set forth a legal cause of action for damages, and it was not error to sustain the general demurrer thereto. This case is controlled by *Day* v. *Graybill,* 24 *Ga. App.* 524 (101 S. E. 759), and cases cited. See also Civil Code (1910), § 3131.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JUNE 16, 1920.

Action for damages; from Fulton superior court — Judge Pendleton. December 8, 1919.

The action was for damages on account of personal injuries alleged to have been caused by slipping and falling when the plaintiff — a waitress in the defendant's café — stepped upon "a great wad or chunk of butter" on a tile floor in an unlighted and dark part of the café. The petition as amended alleges, in brief, that she commenced work in the café at 7 o'clock a.m. on the 30th of June, 1919, and in the course of her work and at the direction of the manager of the café she went from the place of serving meals and delivering lunches to get for guests small pitchers of cream which were on a table where other servants were washing dishes at a place behind a partition in a corner at the back of the café, that the lights were all out in that place, and the shadow of a tall counter was upon the floor at the door opening into it, so that she could not see under her feet when she stepped upon the butter and grease and slipped and fell near the table on which were the

cream pitchers; that she was without negligence, because she was doing exactly what she was directed to do by the person who was in charge of the café at the time, and, on account of the darkness, could not see; that she was a stranger and had just come into the café as a servant, a few minutes before that time, and knew nothing of the café, except as she was told by the management, and had no opportunity to protect herself, and could not by reasonable diligence have known of the condition of the floor where she fell. It is alleged that the defendant knew "the circumstances and the unsafe condition and the darkness," and was negligent in not having the café in a suitable condition to make it safe for the plaintiff to wait upon the guests as she was directed, in not having lights in the café so that she could see the place described, where she was directed to walk, and in not having the table out in the light where it could be seen and easily approached, and in directing her to go to the table when it was in an unsafe condition, which was unknown to her.

Citations by counsel: Park's Ann. Code, § 3131; 145 *Ga.* 732; 92 *Ga.* 495; 11 *Ga. App.* 836; 18 *Ga. App.* 189, 190; 19 *Ga. App.* 521; Id. 714; 24 *Ga. App.* 524.

*James & Bedgood, John H. Hudson,* for plaintiff.
*McCallum & Sims,* for defendant.