12617. NORTON *v.* GEORGIA RAILWAY & POWER COMPANY.

JENKINS, P. J. 1. "Questions as to diligence and negligence, including contributory negligence, being questions peculiarly for the jury, the court will decline to solve them on demurrer, except in plain and indisputable cases." *Larkin* v. *Andrews,* 27 *Ga. App.* 685 (109 S. E. 518);

*Western Union Telegraph Co.* v. *Spencer*, 24 *Ga. App.* 471 (101 S. E. 198).

2. In *Battle* v. *Georgia Railway & Electric Co.*, 120 *Ga.* 992 (48 S. E. 337), it was held that "in an action against a street-railway company for damages alleged to have been sustained in consequence of the failure of one of its ·cars to stop at a given station its line, in response to a signal to do so by a person there intending to board the car as a passenger, it should appear, from the petition, that it was the duty of the company to stop the particular car in question at that station for the purpose of taking on such person as a passenger." It is unnecessary to decide, however, whether or not the rule just stated would have complete application in a case where, as here, the gravamen of the charge does not consist, as it did in the *Battle* case, in the failure to stop the car for the purpose of permitting the plaintiff to board it as a passenger, resulting in injury from his inability then and there so to do, but where the negligence complained of is the alleged failure of the defendant to exercise due diligence to avoid injuring the plaintiff as she was attempting in the usual and proper method to stop and board the car as a passenger; this ·for the reason that, as against general demurrer, the allegations of the petition, when taken as a whole, sufficiently charge the custom and duty of the company to stop the particular car in question for passengers at the alleged regular stopping place where the injury occurred. The allegation that, as the car approached such regular stopping place, the plaintiff and other prospective passengers stepped from the sidewalk in plain view· of the motorman, and stood in the street at the regular place for boarding, is sufficient, as against general demurrer, to charge the defendant with notice of the plaintiff's purpose to board the car.

3. The general rule as applied in other States, which seems to be just and reasonable, is that a motorman on a street-car may rightfully assume that an adult, apparently in full possession of health and his faculties, seen standing in the street near a curve in the track, but not near enough to be struck by the forward end of the car, will draw back far enough to avoid being struck by the overhang of the car as it rounds the curve; and that his failure so to do will be taken as the proximate cause of any injury to him occasioned by such operation of the car when propelled in an ordinarily safe and proper manner. *Miller v. Public Service R. Co.*, 86 N. J. L. 631 (92 Atl. 343), L. R. A. 1915C, 604, and case notes, 605-9; Ann. Cases 1916E, case notes, 679-83; 16 L. R. A. (N. S.), case notes, 890, 891; 40 L. R. A. (N. S.), case notes, 133, 134. But where, as here, the alleged negligence is not the mere failure of the company to discover the presence of the person injured in such a position, and to anticipate her failure to step clear of the over·hanging swing of the car, but consists of an alleged breach of duty in failing to stop the car at a place and time when the plaintiff had a right to assume that it would be stopped, thereby creating an unexpected and dangerous situation for the plaintiff, augmented by a suddently accelerated speed of the car as it rounded the curve, such allegations, if sustained by evidence, would create an issue for the jury as to whether or not such joint acts of omission and commission on the

part of the defendant constituted negligence, and, if so, whether they, or the conduct of the plaintiff herself, constituted the proximate cause of the injury. *Cordray* v. *Savannah Electric Co.*, 5 *Ga. App.* 625, 629 (63 S. E. 710); *Perry* v. *Macon Con. St. R. Co.*, 101 *Ga.* 401, 410, 411 (29 S. E. 304); 40 L. R. A. (N. S.) 134, cases cited in case note; L. R. A. 1915C, 608, cases cited in case note; 16 L. R. A. (N. S.) 891, cases cited in case note; 25 Ruling Case Law, 1303, 1305; 36 Cyc. 1615-16, 1618, 1623. *Judgment reversed. Stephens, J., concurs. Hill, J., disqualified.*

DECIDED FEBRUARY 1, 1922.

Action for damages; from Fulton superior court — Judge Pendleton. June 3, 1921.

*Harvey Hill, M. Herzberg,* for plaintiff.

*Colquitt & Conyers,* for defendant.