## 13113. HENDRICKS *v.* JONES.

Under the allegations of the petition (construing them most strongly against the plaintiff), she was wanting in ordinary care when she attempted to descend the insufficiently lighted stairway in the defendant's hotel; and she was not entitled to recover for the consequent injury alleged.

Damages are not recoverable in this State on account of mental pain or anguish unaccompanied by physical injury or pecuniary loss.

DECIDED MARCH 7, 1922.

Action for damages; from Bibb superior court — Judge Mathews. November 22, 1921.

*R. G. Plunkett, Walter DeFore, J. C. Estes,* for plaintiff in error.

*Herrington & Napier,* contra.

BROYLES, C. J. This was a renewal suit brought within six months from the dismissal of the first suit. The petition as amended was brought in two counts. Conceding that the present suit was for substantially the same cause of action as the first suit, and that, in other respects it was a proper renewal thereof, and conceding further that the second count of the amended petition was sufficiently complete within itself, we do not think that either count of the petition set out a cause of action. The first count of the petition alleged: that the defendant owned and was in full charge and control of a certain hotel in which the plaintiff lived; that on January 7, 1918, about three o'clock p. m., the plaintiff had occasion to go up stairs from the first to the second floor, and that when she subsequently came down the stairs from the second floor, about six p. m. on the same day, on account of insufficient light upon the stairway she fell when three or four steps from the bottom step and thereby sustained the injuries sued for; that prior to this occasion the stairway was always sufficiently lighted for one to make his way safely up and down it, but that on this occasion, through the gross and wanton negligence of the defendant, the usual and necessary light for the stairway was not provided. The pe-

tition further alleged, that "petitioner was not aware that there was not sufficient light on the stairway *when she went up to the second floor,* and after she completed her errand to the second floor and desiring to descend to the lobby on the first floor, and there being [only] one stairway leading to said lobby, she was compelled to use said stairway, although *it was darkened.* Said stairway was not dangerous when lighted [and if it had been lighted] she would not have sustained the fall and the injuries incident thereto." (Italics ours.) These averments of the petition, properly construed most strongly against the plaintiff, clearly show that when the plaintiff had finished her errand on the second floor and started to return to the first floor, she became aware that the stairway was not sufficiently lighted for her to safely attempt to descend by it, and that in attempting to use it in the darkness she was not in the exercise of ordinary care. See, in this connection, *Flournoy* v. *American Hat Mfg. Co.,* 21 *Ga. App.* 599 (94 S. E. 835); *Day* v. *Graybill,* 24 *Ga. App.* 524 (101 S. E. 759); *Lebby* v. *Atlanta Realty Corporation,* 25 *Ga. App.* 369 (103 S. E. 433); *Ogain* v. *Imperial Café Inc.,* 25 *Ga. App.* 415 (103 S. E. 594).

In the second count of the petition the plaintiff sought to recover damages for an alleged wilful and wanton trespass upon her premises. It was alleged in this count merely that the trespass caused her mental pain and anguish and prolonged an illness from which she was then suffering. In our opinion this count did not set forth a cause of action, as the law is well settled in this State that there can be no recovery for damages on account of mental pain and anguish unaccompanied by any physical injury to the person or any pecuniary loss. *Chapman* v. *Western Union Telegraph Co.,* 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430, 30 L. R. A. 183); *Seifert* v. *Western Union Telegraph Co.,* 129 *Ga.* 181 (58 S. E. 699, 11 L. R. A. (N. S) 1149, 121 Am. St. R. 210); *Goddard* v. *Watters,* 14 *Ga. App.* 722 (82 S. E. 306); *Western Union Telegraph Co.* v. *Knight,* 16 *Ga. App.* 203 (84 S. E. 986); *Dresbach* v. *Davis,* 17 *Ga. App.* 79 (86 S. E. 205).

From what has been said it follows that neither count of the petition sets forth a cause of action, and that the court erred in overruling the general demurrer to the amended petition.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*