### 29176. DACUS *v.* DICKINSON TRUST COMPANY.

SUTTON, J. The petition alleged that the plaintiff was a roomer in a house rented by a tenant from the defendant owner, and that as such roomer her invitation to use the premises extended to the hallways, yards, grounds, and all portions of the premises except the rooms of the other occupants of the house, and that the rear of the house was elevated about four or five feet from the ground and the under space was used off and on by the various occupants of the house, with the consent and knowledge of the tenant, to store sundry things of which they had no immediate use, and damages were sought from the defendant owner because of injuries sustained by the plaintiff in falling into a hole under the house, about four feet in diameter and about six feet deep, being bricked up on three sides and being open on the side facing the front of the house, the existence of which hole was unknown to the plaintiff and the tenant, but was known to the defendant at the time the house was rented. The plaintiff alleged that she went under the house from the rear on November 28, 1940, at about 5 o'clock p. m., to gather some wood with which to build a fire, and that the natural darkness under the house at such time was accentuated by reason of the fact that it was rainy and cloudy, and because the earth under the house was of a dark color and so blended with the natural blackness of the hole as to make

it impossible to see the hole, the opening in which was more than fifteen feet from the point of entrance at the rear of the house, the only side of the house from which any light entered and which did not reach the hole. *Held:* Even if it could be said, which is not decided, that the defendant was negligent towards the plaintiff in maintaining the open hole under the house as constructed, the petition did not set forth a cause of action, it being shown that the plaintiff was not in the exercise of ordinary care in proceeding through the darkness surrounding the hole into which she fell. Consequently the court did not err in sustaining the defendant's general demurrer. *Ogain* v. *Imperial Café,* 25 *Ga. App.* 415 (103 S. E. 594); *Hendricks* v. *Jones,* 28 *Ga. App.* 335 (111 S. E. 81); *Castleberry* v. *Fox,* 29 *Ga. App.* 35 (113 S. E. 110); *Frierson* v. *Mutual Realty Co.,* 48 *Ga. App.* 839 (174 S. E. 144).

*Judgment affirmed. Felton, J., concurs. Stephens, P. J., dissents.*

DECIDED SEPTEMBER 27, 1941.

*Louis M. Tatham, L. H. Glore, Homer Glore,* for plaintiff.
*W. Neal Baird, Neely, Marshall & Greene,* for defendant.