32498. FORD *v.* S. A. LYNCH CORPORATION.

Decided June 23, 1949.

*Reuben A. Garland, Anthony A. Alaimo,* for plaintiff.

*Charles D. Hurt, Haas & Hurt,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) From the allegations of the petition it appears that the plaintiff slipped and fell on a marble floor in the defendant's hotel lobby, which, at the time, was covered with soapy water. It is contended by the

plaintiff in error in his brief that, since the soapy water on the marble floor was not visible because it was transparent and translucent, the plaintiff was not guilty of negligence in failing to avoid a latent dangerous condition of which he was not aware. But it does not appear from the petition that the hotel lobby was not well lighted, nor does it appear that the plaintiff's vision was defective. Although it is alleged that the soapy water was transparent and translucent, soapy water that is transparent is not necessarily invisible, and soapy water that is translucent is visible, notwithstanding the allegation of the pleader that it was not visible. It appears from the petition that the plaintiff was familiar with the lobby floor and conditions in the hotel, as it is alleged that he had resided in the hotel for two years prior to the accident in question. The allegations of a petition on demurrer must be construed most strongly against the pleader, and only facts well pleaded, and not the conclusions of the pleader, are admitted by the demurrer. From the allegations of the petition in this case it appears that the plaintiff's injuries were the result of his own failure to exercise ordinary care in walking upon the marble floor of the hotel lobby while it was covered with soapy water, at the time and place in question, and in such circumstances the question of negligence is properly decided by the court as a matter of law. Accordingly, the trial judge did not err in sustaining the general demurrer to the petition and in dismissing the action. See, in this connection, *Lebby* v. *Atlanta Realty Corp.*, 25 *Ga. App.* 369 (103 S. E. 433); *Ogain* v. *Imperial Cafe*, 25 *Ga. App.* 415 (103 S. E. 594); *Hendricks* v. *Jones*, 28 *Ga. App.* 335 (111 S. E. 81); *Avary* v. *Anderson*, 31 *Ga. App.* 402 (120 S. E. 683); *National Bellas-Hess Co.* v. *Patrick*, 49 *Ga. App.* 280 (175 S. E. 255); *Lane Drug Stores* v. *Story*, 72 *Ga. App.* 886 (35 S. E. 2d, 472); *Holman* v. *American Automobile Ins. Co.*, 201 *Ga.* 454, 460 (39 S. E. 2d, 850). See also the recent case of *Banks* v. *Housing Authority of the City of Atlanta*, 79 *Ga. App.* 313 (53 S. E. 2d, 595), and citations.

None of the cases cited by the plaintiff in error authorizes or requires a different ruling from the one here made. In *Bass* v. *Southern Enterprises*, 32 *Ga. App.* 399 (123 S. E. 753), it does not appear that any issue was made as to whether or not the condition of the floor was obvious, there being a difference of

some 6 inches between the floor under the seats in the theater and the aisle. In *Wynne* v. *Southern Bell Tel. &c. Co.*, 159 *Ga.* 623, 629 (126 S. E. 388), the Supreme Court pointed out that under the facts and circumstances of that particular case it could not be held as a matter of law that the alleged defect in certain steps was apparent, and that an ordinarily prudent person would not have reason to apprehend its existence. In *Rothschild* v. *First Nat. Bank of Atlanta*, 54 *Ga. App.* 486, 491 (188 S. E. 301), the same result was reached by the Court of Appeals in regard to the allegations of that particular petition, where it appeared that the plaintiff slipped and fell on a slippery floor, and that the condition was not obvious to her. In *Macon Academy Music Co.* v. *Carter*, 78 *Ga. App.* 37 (50 S. E. 2d, 626), the Court of Appeals, speaking through Judge Gardner, very carefully pointed out that a wooden floor was involved, which had absorbing propensities, and that it appeared that the floor had absorbed the liquid so that the slick condition of the floor was not apparent, and thus distinguished the case from the *Lebby* case, supra, where a tile floor was involved.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code, Ann. Supp. § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Gardner and Worrill, JJ., concur. Felton and Townsend, JJ., dissent.*

FELTON, J., dissenting. I do not think that the allegations of the petition affirmatively show as a matter of law that the plaintiff was guilty of such negligence as would bar his recovery.