32860.   HILL *v.* DAVISON-PAXON COMPANY.

Decided February 9, 1950.

*William S. Shelfer,* for plaintiff.

*T. J. Long,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) As between landlord and tenant, master and servant, and owner and customer, one who sustains injuries upon the property of the other, in order to recover, must show that two elements at least exist, viz., fault on the part of the owner, and ignorance of danger on the part of the invitee. See 58 A.L.R. 136 (Ann.); *Holman* v. *American Automobile Ins. Co.,* 201 *Ga.* 454 (39 S. E. 2d, 850).

As to the negligence of the defendant, the mere failure to remove water collecting near the entranceway of a large store because of the constant passing in and out of pedestrians during a period of rain, and the failure to place mats in the aisle at such a place would not be evidence of a lack of reasonable care for the safety of the store's invitees unless the concrete floor at that place had some peculiarity which caused it to become more slippery and dangerous than it would ordinarily have been. We can not recognize as a matter of law that concrete necessarily becomes slippery when wet and, as a matter of fact, the petition neither alleges that the water caused the floor to become slippery nor that the floor was actually slippery. Neither does it allege that the water on the floor caused the defendant to slip and fall. The petition is therefore insufficient both as to the allegations of negligence and the causal relationship between what is alleged as the negligence of the defendant and the injuries of the plaintiff. See *Hall* v. *Hillside Cotton Mills,* 23 *Ga. App.* 464 (98 S. E. 401); *Wood* v. *Atlanta,* 32 *Ga. App.* 189 (122 S. E. 804).

As to the second essential element of such an action, ignorance on the part of the customer and her inability to ascertain the peril in the exercise of ordinary care, the petition affirmatively shows that the plaintiff was aware that it had been raining all day and was raining at that time, that the aisle where she fell was near the entrance, and that there were other customers

present. It is a matter of common knowledge that some water would normally be present at a place where shoppers continually pass in and out during rainy weather. While the defendant is alleged to have been negligent in not providing mats over this area, the plaintiff could plainly see that no mats were present. As pointed out in *Banks* v. *Housing Authority of Atlanta,* 79 *Ga. App.* 313 (53 S. E. 2d, 595), she was aware of the weather conditions. Under these circumstances it appears that she herself was not in the exercise of due care. See also *Avary* v. *Anderson,* 31 *Ga. App.* 402 (120 S. E. 683) ; *Lebby* v. *Atlanta Realty Corp.,* 25 *Ga. App.* 369 (103 S. E. 433) ; *Ford* v. *S. A. Lynch Corp.,* 79 *Ga. App.* 481 (54 S. E. 2d, 320). The latter case, from which the writer dissented, presented a set of circumstances much more favorable to the plaintiff than does the one at bar.

A storekeeper is not liable as an insurer of the safety of persons whom he has invited to enter his premises. He owes them a duty of ordinary care, to have his premises in a reasonably safe condition, not to lead them into a dangerous trap, or to expose them to unreasonable risk, but to give them adequate and timely notice and warning of latent or concealed perils. See 38 Am. Jur., Negligence, § 96. No "latent peril" is alleged, other than the mere presence of rainwater on a concrete floor near an entrance. This should have been equally obvious to both parties, regardless of the coloring of the floor. The storekeeper would not, as a matter of law, be required to keep this water removed at all times unless, due to some peculiarity of the floor or otherwise, its presence there created a hazard beyond that created on other areas, such as sidewalks, similarly constructed of concrete. Since this does not appear, the defendant was under no independent duty at all times to know of the presence of the water in order to remove it. Therefore, the allegation that "the defendant knew of the presence of said water on the floor, or in the exercise of ordinary care should have known of it," amounts only to an allegation of implied knowledge, and is insufficient for that reason. See *Babcock Brothers Lumber Co.* v. *Johnson,* 120 *Ga.* 1030 (48 S. E. 438).

The trial court did not err in sustaining the general demurrer to the petition as amended.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*