34146. McBURNEY v. WOODWARD.

Decided July 14, 1952—Rehearing denied July 28, 1952.

*Randall Evans Jr.*, for plaintiff in error.

*W. D. Lanier*, contra.

TOWNSEND, J. (After stating the foregoing facts.) It is recognized that in entering final judgment the court had in mind a rule of law which is stated in *Bacon & Co.* v. *Moody*, 117 *Ga.* 207 (43 S. E. 482) as follows: "If a contract for the sale of goods is procured by fraudulent representations of the purchaser as to his solvency, the vendor has an election to affirm or to rescind the contract. He may sue for the price of the goods and also for damages for the fraud, these remedies being consistent and proceeding on the theory of an affirmance of the contract. If, however, he elects to rescind the contract and recapture his goods, and obtains in equity a decree adjudicating that the contract is void on account of the fraud, he can not thereafter bring an action against the vendee for damages for the fraud, such an action being founded on the procurement of the contract. The rescission of the contract on the ground of fraud is inconsistent with an action for deceit for being led into making the contract."

That case, however, was an equitable action, and referred to a subsequent suit for damages for fraud after a recovery by the plaintiff of the goods sold in a receivership action. No such facts appear in this record. On the contrary, this case

is closely analogous to *Eastern Motor Co.* v. *Lavender,* **69** *Ga. App.* **48, 51** (24 S. E. 2d, 840), which was also an action against a defendant motor company for fraud and deceit in the selling of an automobile. The opinion there states as follows: "However, the plaintiff contended that he had repudiated the contract on the ground of actual fraud consisting of material and fraudulent misrepresentations which induced him enter into the agreement. The plaintiff was not seeking to recover on the contract, for he had rescinded it, and after such rescission he had no contract on which he could sue. Hence he brought his suit on 'deceit,' a tort the essential elements of which are: '(1) That the defendant made the representations; (2) that at the time he knew they were false (or what the law regards as the equivalent of knowledge); (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on such representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.' *Brown* v. *Ragsdale Motor Co.,* 65 *Ga. App.* 727 (3) (16 S. E. 2d, 176). The written contract of conditional sale, so far as it relates to substantive ground of the action for deceit, stands as if it had never been made, and none of its terms or conditions are binding on the plaintiff; for in the eyes of the law the written contract is nothing when it has been voided by a rescission on account of actual fraud. . . And if the injured party proved by parol the five elements necessary to sustain his suit in tort for deceit, based on actual fraud as stated above, he would be entitled to recover."

Both of the petitions on this cause of action allege that there has been a rescission of the contract by the plaintiff, that the suit is based on the defendant's fraud and deceit, and the measure of damages applicable thereto, which is the recovery of the purchase price, is sought, as well as punitive damages in both instances. An examination of the record in case No. 33684 on its first appearance in this court indicates that this court at that time had and considered every pleading in the record which is brought up in the present case, as to the second petition. It is perfectly obvious that the judgment of this court on this record—that the petition set forth a cause of action based on fraud and deceit and seeking rescission of the contract, which

judgment was not vacated, reversed, or modified—has become the law of this case. Code, § 38-114; *Frazier* v. *Southern Ry. Co.*, 200 *Ga.* 590, 596 (37 S. E. 2d, 774). It is also obvious by a comparison of the pleadings that every essential element set forth in this petition was also set forth in the original petition upon which the plaintiff was nonsuited; and that therefore the plaintiff is proceeding on the same cause of action in both instances. It would further seem that in any event a special plea on the ground that the plaintiff had elected an inconsistent remedy in a former suit in which there was no recovery by him would come too late, many terms after the petition was filed, and after demurrers had been adjudicated and the case appealed. While a motion to dismiss in the nature of a general demurrer for a defect appearing upon the face of the record may be made at any time before verdict, the pleading here, although denominated a motion to dismiss, partakes of the nature of a special plea, in that it incorporates as exhibits thereto facts which are not in the record in this case and which must be proved by outside evidence. Special pleas generally must be filed at the first term. See, in this connection, *Peterson* v. *Lott*, 200 *Ga.* 390, 393 (37 S. E. 2d, 358).

The Court of Appeals having adjudicated that this petition sets forth a cause of action for rescission of the contract based on the fraud and deceit of the defendant, and this pleading being in substance identical with that filed in the first suit—it was error to dismiss the case on the ground that counsel for the plaintiff first contended that by his pleadings he was seeking to rescind the contract, and later adopted the view of counsel for the defendant that his pleadings (which were not thereafter changed by amendment or otherwise) showed an affirmance of the contract. See *Baker* v. *Davis*, 127 *Ga.* 649 (11) (57 S. E. 62). The pleadings speak for themselves and on demurrer determine their own legal effect. The suit is for rescission of the contract on the ground of fraud, which is denominated an action for fraud and deceit, and on this basis sets forth a cause of action.

This court, upon the previous appearance of this case on its dismissal on general demurrer, had, as hereinbefore pointed out, all of the record before it which is now here, insofar as the

present petition is concerned. It was there adjudicated that a cause of action was set out. In consequence, the remaining objections of the defendant to the petition will not be considered here, it being presumed that this court considered all aspects of the case which could be raised by general demurrer in holding that the petition set out a cause of action. *Kelly* v. *Strouse*, 116 *Ga.* 872, 891 (43 S. E. 280).

The trial court erred in dismissing the petition upon motion of the defendant.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*