## BALLEW et al. v. DEAL et al.

WYATT, Justice. This is the second appearance of this case in this court. See *Ballew* v. *Deal*, 209 *Ga.* 69 (70 S. E. 2d, 767), where a full statement of facts will be found. In *Ballew* v. *Deal*, supra, this court reversed the judgment on the ground that the petition failed to allege that the action complained of was not by a majority of the members of the church present. This decision was handed down on May 12, 1952. On May 22, 1952, and before the remittitur from this court was made the judgment of the trial court, the plaintiff in the court below filed an amendment to his petition, attempting to meet the objection made to the original petition. The defendant demurred to the amendment and to the petition as amended. On June 9, 1952, the judge of the trial court passed the following order: "Ordered that the within and foregoing remittitur, and the judgment be spread on the minutes, and made the judgment of this court subject to reconsideration upon the basis of the amendment filed May 22, 1952, and the demurrer of the defendants thereto, and the petition as amended." On the same date, the trial court rendered the following judgment: "Upon consideration, ordered that said petition be dismissed unless the plaintiffs amend within ten days so as to meet its criticisms of paragraph one-a of this demurrer." On June 18, 1952, when the case came on for a hearing, the defendant moved to strike the cause from the docket as having

been dismissed on general demurrer, "the court having provided in its judgment on the remittitur that the judgment of the Supreme Court of May, 1952, that the court erred in overruling the general demurrer to the petition be made the judgment of this Court, 'subject to reconsideration upon the basis of the amendment filed May 22, 1952,' and having subsequently held in its above-quoted judgment of June 9, 1952, that said amendment was insufficient and that the petition be dismissed unless a further amendment should be filed." The trial court denied the motion to strike the cause from the docket, and to this judgment the defendant excepted. Within ten days from the order of June 9, 1952, the plaintiff filed an additional amendment. This amendment was allowed, subject to objection. The defendant filed numerous demurrers to the amendment and to the petition as amended. All were overruled, and the defendant excepted. *Held:*

The first question presented is whether or not the judgment of the court below refusing to strike the cause from the docket as dismissed on general demurrer was error. The general rule is that, when a demurrer to a bill is overruled and the bill sustained, the decision taken up by writ of error, and the judgment reversed and the case remitted generally, the bill may be amended at any time before the remittitur is made the judgment of the court below. See *Walker* v. *Cook,* 17 *Ga.* 126; *Seals* v. *Augusta Southern R. Co.,* 102 *Ga.* 817 (29 S. E. 116); *Charleston & Western Carolina Ry. Co.* v. *Miller,* 115 *Ga.* 92 (41 S. E. 252). "After the Supreme Court has decided that the trial court erred in overruling a demurrer to a petition, it may be amended before the remittitur is entered upon the minutes of the trial court; but if the amendment offered fails to make a case which entitles the complainant to relief, it is not error to reject it and to dismiss the action." *Mills* v. *Boyd Lumber Co.,* 148 *Ga.* 23 (95 S. E. 698). See also *Thurmond* v. *Clark,* 47 *Ga.* 500; *Stanley* v. *Laurens County Board of Education,* 188 *Ga.* 581 (4 S. E. 2d, 164). In the instant case, the plaintiff offered an amendment before the remittitur was entered on the minutes of the trial court. The remittitur was then ordered entered upon the minutes of that court, subject to reconsideration on the basis of the amendment and the demurrers thereto. Upon consideration of the amendment, the trial court found that the amendment was not sufficient to entitle the complainant to relief, and it was ordered that the cause be dismissed unless the plaintiff amended within 10 days. This judgment was not excepted to and is, therefore, a final adjudication that the May 22 amendment was not sufficient. However, the judge of the trial court provided 10 additional days in which to amend the petition. This was error. Conceding, but not deciding, that the judge was authorized to enter an order on the remittitur subject to the amendment, when he found that the amendment was not sufficient, the case was then dismissed as on general demurrer in accordance with the judgment of this court and the order and judgment of the trial court. The language allowing ten days in which to amend was mere surplusage since any amendment filed after the judgment on the remittitur became final which under the order of the trial court was upon the consideration of the May 22 amendment, came too late.

It follows, the judgment of the court below denying the motion to strike the case from the docket was error and must be reversed.

*Judgment reversed. All the Justices concur.*

No. 17963. Submitted September 8, 1952—Decided October 14, 1952.

*Malcolm C. Tarver*, for plaintiffs in error.

*Y. A. Henderson, J. B. Langford* and *J. A. Gregory*, contra.