### 18911.   GORDON COUNTY BROADCASTING COMPANY *v.* CHITWOOD.

HAWKINS, Justice. 1. Where, as here, the owner of a two-story building, who operates on the ground floor thereof a retail store, seeks by his petition to enjoin his tenant, a corporation, to which he leased without limitation or restriction the second story for the conduct of a radio-broadcasting business therein, from permitting its invitees and customers from congregating and meeting in its studio and rooms on Mondays, Tuesdays, and Wednesdays, and therein to dance and cavort in a loud, violent, and extremely noisome manner, whereby they stomp, kick, and beat upon the floor of said second story to the annoyance, irritation, injury and damage of the plaintiff, his customers, employees, and business, but which petition fails to charge or allege that such noises and

activities are unusual, unnecessary, or unreasonable in the proper conduct of the defendant's radio-broadcasting business, which is a lawful business, or that they do not result from the ordinary and necessary, and therefore proper, use and occupation of the premises for the purposes for which they were leased by the plaintiff to the defendant— such petition fails to state a cause of action for the abatement by injunction of an alleged nuisance. 32 Am. Jur. 185, 188, §§ 195, 200; *Asa G. Candler Inc.* v. *Georgia Theater Co.,* 148 *Ga.* 188 (96 S. E. 226, L. R. A. 1918F 389); *Smith* v. *State Mutual Life Ins. Co.,* 40 *Ga. App.* 747, 749 (151 S. E. 554); *Georgia Railroad &c. Co.* v. *Maddox,* 116 *Ga.* 64 (4) (42 S. E. 315); *Thrasher* v. *City of Atlanta,* 178 *Ga.* 514 (173 S. E. 817); *Wilson* v. *Evans Hotel Co.,* 188 *Ga.* 498 (2) (4 S. E. 2d 155); *Asphalt Products Co.* v. *Beard,* 189 *Ga.* 610, 612 (7 S. E. 2d 172).

2. The fourth special ground of the renewed demurrer was properly overruled by the trial court. By a continuing nuisance is not meant a constant and unceasing nuisance, but a nuisance which occurs so often that it can fairly be said to be continuing, although not constant or unceasing. *Central of Ga. Ry.* v. *Americus Construction Co.,* 133 *Ga.* 392, 398 (65 S. E. 855); *Rinzler* v. *Folsom,* 209 *Ga.* 549, 552 (74 S. E. 2d 661). Other special grounds of demurrer were met by amendment.

3. The petition failing to state a cause of action for injunctive relief, it was error to overrule the defendant's general demurrer thereto, and thereafter to grant the interlocutory injunction excepted to.

*Judgment reversed. All the Justices concur.*

Argued March 14, 1955—Decided April 11, 1955.

*Harbin M. King, Ronald F. Chance,* for plaintiff in error. *James B. Langford, Henry L. Barnett,* contra.