19060. GORDON COUNTY BROADCASTING COMPANY *v.* CHITWOOD.

WYATT, Presiding Justice. This is the second appearance of this case before this court. See *Gordon County Broadcasting Co.* v. *Chitwood,* 211 *Ga.* 544 (87 S. E. 2d 78), where a full statement of facts will be found. After the remittitur in the above case had been filed in the office of the clerk of the superior court, and before judgment had been entered thereon, plaintiff in the court below amended his petition by adding one paragraph. Defendant demurred to the petition as amended and demurred specially to the amendment. The demurrers were overruled. Defendant then made a motion to strike the case from the docket on stated grounds. The motion was denied. The exceptions here are to the judgment of the court below overruling the demurrers to the petition as amended and to the denial of the motion to strike the case from the docket. *Held:*

1. When the instant case was before this court on the previous appearance, it was held, ". . . which petition fails to charge or allege that such noises and activities are unusual, unnecessary, or unreasonable in the proper conduct of the defendant's radio broadcasting business, which is a lawful business, or that they do not result from the ordinary and necessary, and therefore proper, use and occupation of the premises for the purposes for which they were leased by the plaintiff to the defendant—such petition fails to state a cause of action for the abatement by injunction of an alleged nuisance." *Gordon County Broadcasting Co.* v. *Chitwood,* supra. The amendment filed by the plaintiff in the court below reads as follows: "That such noises and activity herein complained of are unusual, unnecessary, excessive, and unreasonable in the proper conduct of defendant's business and that they do not result from the ordinary, necessary and proper use and occupation of the premises for the purposes for which they were leased by the plaintiff to the defendant." It will be seen that petitioner has added by amendment, and in the same terms, what this court said was lacking in the petition when it was previously before this court. It is contended that, since the petitioner has added what the court said was lacking before, the petition now sets out a cause of action and that this is the law of the case. With this conclusion we do not agree. It must be remembered that, in the previous opinion in the instant case, this court was not pleading and was not setting up a form to be followed in pleading. It was not there said that, if the petition had alleged the language there used, it would have been held to have set out a cause of action. This court there simply stated in general terms what the facts alleged specifically must show in order to set out a cause of action for the relief

22

sought. It is the law of the case that, if the facts alleged in the petition show what it is stated in the previous case it must show, the petition will state a cause of action. The question of whether or not the facts alleged do show what it is there stated it must show is still an open one in so far as the amendment is concerned.

2. Defendant in the court below demurred specially to each allegation in the amendment above set out, on the ground that the allegations therein contained were purely conclusions without a sufficient averment of fact to sustain the conclusion. This contention is meritorious. A mere reading of the allegations will reveal that petitioner has alleged no facts, but simply alleged certain conclusions from facts which this court held in *Gordon County Broadcasting Co.* v. *Chitwood,* supra, were not sufficient to set out a cause of action for the abatement of a nuisance by injunction, unless further facts were made to appear, and which offer no sufficient basis upon which to base the conclusions here drawn. It was error to refuse to strike the amendment on demurrer.

3. With the amendment stricken, as it has been held above it should have been, the petition stands as it did upon its last appearance before this court and is subject to general demurrer. It was, therefore, error to overrule the general demurrer.

4. Since there was an amendment filed by the plaintiff before judgment was entered on the remittitur in *Gordon County Broadcasting Co.* v. *Chitwood,* supra, which amendment was approved by the trial court which held that the petition as so amended set out a cause of action for the relief sought, it was not error to deny the motion to strike the case from the docket. *Ballew* v. *Deal,* 209 Ga. 353 (72 S. E. 2d 712), differs on its facts from the instant case in that in said case no amendment was filed until after judgment had been entered on the remittitur.

*Judgment reversed in part and affirmed in part. All the Justices concur.*

Argued September 12, 1955—Decided October 11, 1955—Rehearing denied November 16, 1955.

*Harbin M. King, Ronald F. Chance,* for plaintiff in error.
*Henry L. Barnett, James B. Langford,* contra.