38383. FOOD FAIR STORES, SETZER'S OF GEORGIA, INC. v. POUND.

DECIDED JULY 1, 1960.

*Gowen, Conyers, Fendig & Dickey, Chris B. Conyers,* for plaintiff in error.

*Adams & Mattox, Ronald F. Adams, John D. Mattox,* contra.

NICHOLS, Judge. ■ The first question presented is whether the jury could have found that the defendant was guilty of any negligence which proximately caused the plaintiff's injuries.

This is not a case where the question of constructive notice is presented for decision because the evidence was uncontradicted that the employees of the defendant corporation knew that the grits had spilled, and while there was an issue as to *where* the grits had spilled, the presence of the grits on the floor was undenied. Witnesses for the defendant testified that the plaintiff fell in the store but that she was *five* or more feet from where the grits had spilled. The plaintiff testified: "I was close enough, I could have reached over and got a handful; I am sorry I didn't." While the plaintiff did not present testimony that her feet slipped on the grits that were on the tile floor, the testimony that she fell and the testimony that the grits were on the floor where she fell, together with the testimony of the defendant's employee that he knew that the grits were on the floor and had sent another employee to get a broom and clean them up, but that no action was taken to prevent the plaintiff or anyone else from crossing the area where the spilled grits were located on the floor, was sufficient to present a jury question as to the first question presented by the defendant's motion for a judgment notwithstanding the mistrial, whether there was any evidence to support a finding that the defendant was guilty of negligence which was the proximate cause of the plaintiff's injuries.

■ The second and sole remaining question presented by the motion for judgment notwithstanding the mistrial is whether the evidence demanded a finding that the plaintiff failed to exercise ordinary care for her own safety. The defendant relies on

the fact that the plaintiff could have seen the white grits on the brown and green floor if she had looked where she was walking and a failure to so look where there was no reason (the building was well lighted) why she could not see them was a failure to exercise ordinary care for her own safety. In support of this position the defendant cites cases exemplified by *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840 (57 S. E. 2d 680), where it was held that where water had accumulated on a concrete floor near an entrance to the defendant's place of business on a rainy day the plaintiff was under the same duty to see it as the defendant, and that the plaintiff's failure to see it was a failure to exercise ordinary care for her own safety. That case and similar cases involve circumstances where the plaintiffs, without any reason being shown as to why they did not see an obvious defect, have been prohibited from recovery as a matter of law because they had failed to see what an ordinarily prudent person would have seen. The plaintiff in the present case was near the "check-out" counter of a super market late on a Saturday afternoon (at one of the store's busiest times according to the testimony of the defendant's manager), waiting for persons ahead of her to "check-out" so that she could "check-out" (pay for) her purchase. Under such circumstances it cannot be said as a matter of law that the failure of the plaintiff to see the foreign substance on the floor was a failure to exercise ordinary care for her own safety. See *Rogers v. Sears, Roebuck & Co.*, 45 Ga. App. 772 (166 S. E. 64) ; *Lane Drug Stores v. Brooks,* 70 Ga. App. 878 (29 S. E. 2d 716) ; *Bray v. Barrett,* 84 Ga. App. 114 (65 S. E. 2d 612).

Just as the duty of a pedestrian, in the exercise of ordinary care, to observe a defect in a street or sidewalk is greater when the pedestrian is in a place of safety as compared to crossing a busy intersection (*City Council of Augusta v. Hood*, 95 Ga. App. 259, 97 S. E. 2d 639), the duty of an invitee in a mercantile establishment to observe foreign matter on the floor of such establishment varies with the circumstances of the particular case. Where one is in an otherwise empty store the duty is greater than when the store is crowded.

From what has above been held it necessarily follows that

the trial court did not err in overruling the defendant's motion for a judgment notwithstanding the mistrial.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*