## 38962.   McDONOUGH CONSTRUCTION COMPANY
## v. BENEFIELD.

DECIDED SEPTEMBER 12, 1961.

*Lokey & Bowden, Hamilton Lokey, Glenn Frick,* for plaintiff in error.

*Calhoun & Calhoun, Walter W. Calhoun, Clarence H. Calhoun, Jr.,* contra.

FELTON, Chief Judge. ■ The court erred in overruling the

special demurrer to subparagraph (a) of paragraph 23 of the petition. The petition shows that all work on the hangar had not been completed and does not show that the plaintiff did not know of the unfinished floor. It would seem that the defendant would have met the requirement of ordinary care as to subcontractors on the premises by giving some kind of notice that there was an unfinished section in the concrete floor. The defendant would not be required to put a guard around the incomplete section, of the presence of which the plaintiff presumably knew, to prevent heavy machinery or vehicles from running into it. Such a requirement would entail a larger expense than the utility of such a precaution would justify, especially as to workmen on the premises.

■ The court erred in overruling the special demurrer to subparagraph (b) of paragraph 23 of the petition for the reason that as stated in the foregoing division of this opinion the defendant would have met the requirements of ordinary care as to workmen on the premises by giving notice of the incomplete section of the floor. Since under a proper construction of the petition against the pleader the plaintiff had notice of the incompleted section of the floor, the defendant was under no duty to cover the incomplete section to protect a workman with notice of the danger.

■ The court erred in overruling the general demurrer to the petition and the special demurrers to subparagraphs (c), (d), (e) and (f) of paragraph 23 of the petition for the reason that it is nowhere alleged in the petition that the slant or incline in the floor was the proximate cause or a contributing proximate cause of the rolling of the scaffold. In the absence of this essential allegation the petition is construed as alleging that the cause of the scaffold's rolling was one with which the defendant is not chargeable. *George v. Continental Wrecking Corp.*, 101 Ga. App. 538, 541 (114 SE2d 383). The court erred in overruling the special demurrer to subparagraph "g" of paragraph 23 of the petition because this specification of negligence is too general to put the defendant on notice of the negligence sought to be alleged.

The court erred in overruling the general demurrer and the

special demurrers to the subparagraphs of paragraph 23 of the petition.

*Judgment reversed. Bell and Hall, JJ., concur.*