## 39358. BENEFIELD v. McDONOUGH CONSTRUCTION COMPANY OF GEORGIA.

DECIDED JUNE 15, 1962—REHEARING DENIED JUNE 29, 1962.

*Calhoun & Calhoun, Merrell H. Collier,* for plaintiff in error.
*Lokey & Bowden, Hamilton Lokey,* contra.

BELL, Judge. ■ The petition alleges that the plaintiff placed a thirty-foot high scaffold mounted on wheels and capable of rolling, on a concrete floor only twenty inches distant from a six-inch cut or depression in the floor. It should have been apparent to the plaintiff that a slight rolling of the scaffold could cause it to enter the depression, tilt, and cause him to fall thirty feet to the concrete floor. It also should have been foreseen by the plaintiff that the mere weight of his body at such a height might create an imbalance sufficient to cause the scaffold to roll for the short distance of twenty inches unless he knew, as a matter of fact, that the floor was perfectly level. The plaintiff could not assume the floor was level nor would a cursory examination protect him, for he should have foreseen, as a matter of common knowledge, that a floor might vary to some degree in its horizontal plane. The exercise of ordinary care would have required him, under all the facts alleged, to have taken precautions sufficient to prevent the scaffold from rolling. The scaffold was under the plaintiff's control. See generally, *Dacus v. Dickinson Trust Co.,* 65 Ga. App. 872 (16 SE 2d 786, 163 ALR 590 N); *Hendricks v. Jones,* 28 Ga. App. 335 (111 SE 81), 41 ALR 968 N, 58 ALR2d 1186 N; *Ogain v. Imperial Cafe,* 25 Ga. App. 415 (103 SE 594); *Fricks v. Knox Corp.* 84 Ga. App. 5, 10 (65 SE2d 423); *Mattox v. Atlanta Enterprises,* 91 Ga. App. 847 (87 SE2d 432), 55 ALR2d 911 N.

The petition clearly shows that the building was still under construction. The plaintiff, in the exercise of ordinary care, when he placed this thirty-foot high scaffold twenty inches from a hole of such large dimensions in the incompleted floor was bound, as a matter of law, to have notice of the existence of the depression in the floor. "Since under a proper construction of the petition against the pleader the plaintiff had notice of the incompleted section of the floor, the defendant was under no duty to cover the incomplete section to protect a workman with notice of the danger." *McDonough Const. Co. v. Benefield,* 105 Ga. App. 367, 370 (121 SE2d 665). It would be ridiculous to hold that a contractor is negligent in having an unfinished area in an incompleted floor in a building in the process of construction. While there may be particular instances which might make this negligence, none are apparent in the present case. .

Furthermore, we consider it not to be negligence to construct a floor with such a slight variance approximating one inch in twenty feet from complete levelness.

Standing alone, such a gradual slope in the floor did not of itself constitute conduct on the part of the defendant which threatened an unreasonable risk of harm to persons on the premises. Cf. 2 Restatement, Torts, § 282. Without the negligent act of the plaintiff in placing this towering, rolling scaffold within a few inches of the unfinished portion of the floor, no injury would have resulted. Where the injury "could not reasonably have been expected to result therefrom, or would not have resulted therefrom, but from the interposition of some independent unforeseen cause, the defendant's such antecedent wrongful act or omission, if any, would not be the proximate cause of the injury. . . If the injury could not be reasonably anticipated as the probable result of an act of alleged negligence, such act is either a remote cause or no cause." *Whitaker v. Jones, McDougald, Smith, Pew Co.* 69 Ga. App. 711, 715 (26 SE2d 545). Further, if, after a wrongful act, a new cause intervened of itself sufficient to stand as the cause of the injury, the former will be considered too remote. *Irwin v. Georgia Power &c. Co.,* 84 Ga. App. 665 (67 SE2d 151); 4

Mercer L. Rev. 173. *Georgia Power Co. v. Kinard*, 47 Ga. App. 483 (170 SE 688). Cf. *Millirons v. Blue*, 48 Ga. App. 483 (173 SE 443).

If we are correct in our view that such a gradual slope in the floor did not involve any foreseeable risk of harm to third persons, the defendant was not negligent. Even if this be an erroneous view, and such conduct is negligence, the neglignt act of the plaintiff was an independent, unforeseen cause, and the sole legally efficient cause of the injuries sustained. The defendant is not required to anticipate or foresee and to provide against that which, according to common experience of mankind, under the circumstances alleged, is unusual and not likely to happen, or is only remotely and slightly probable. "A prior and remote cause can not be made the basis of an action if such remote cause did nothing more than furnish the condition, or give rise to the occasion, by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause." *Whitaker*, supra, p. 715.

While normally questions of diligence and negligence are peculiarly for the jury (*Norton v. Georgia R. &c. Co.*, 28 Ga. App. 167, 110 SE 459; *Food Fair Stores v. Pound*, 102 Ga. App. 32, 115 SE2d 645), nevertheless, where as here, the answer to the question whether there was negligence is palpably clear, plain, and indisputable, the court will solve it on demurrer. *Georgia Pacific R. Co. v. Richardson*, 80 Ga. 727 (7 SE 119); *Ford v. S. A. Lynch Corp.*, 79 Ga. App. 481 (54 SE2d 320); *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840 (57 SE2d 680).

The petition before us clearly discloses that plaintiff's own negligence and not that of the defendant caused his injury.

The trial court did not err in sustaining the defendant's demurrer to the petition as amended.

■ The plaintiff contends that, since he has amended the petition to allege that the proximate or a contributing proximate cause of the rolling of the scaffold was the slant or incline in the floor, the petition now states a cause of action. In the prior ap-

pearance of this case before this court it was held that in the absence of this essential allegation the petition was considered as alleging that the cause of the scaffold rolling was one with which the defendant was not chargeable. *McDonough Const. Co. v. Benefield,* 104 Ga. App. 367, 370, supra.

The fact that a petition is held to be fatally defective for lack of one essential allegation is not to be interpreted as meaning that it may not be fatally defective for other reasons even though the essential allegation to which the court pointed in the first case may have been added later by amendment. See *Gordon County Broadcasting Co. v. Chitwood,* 212 Ga. 21 (1) (90 SE2d 5).

■ The defendant in error in both the prior and present appearance of the case in this court has earnestly contended that the petition shows that the plaintiff's exclusive remedy is under the Workmen's Compensation Act by virtue of *Code* § 114-112. We do not consider this contention for the simple reason that there is nothing in the petition to show the number of employees employed by any of the employers referred to. It is well settled that there is no presumption that an employer and his employees are under the provisions of the Workmen's Compensation Act nor that the employer has a sufficient number of employees so that the act will be extended to the employer. See *Borochoff v. Fowler,* 98 Ga. App. 411 (1) (105 SE2d 764).

■ As previously stated, this is the second appearance of this case before this court. *McDonough Const. Co. v. Benefield,* 104 Ga. App. 367, supra.

Counsel for plaintiff, exhibiting commendable diligence, amended his petition before the remittitur in the first case reached the trial court so as to allege what this court there said was a missing essential allegation.

As held in Division 2 here, this prior opinion did not mean that the petition would, by the addition of that essential allegation, state a cause of action. We regret that counsel were misled thereby to the inconvenience and expense of all concerned.

The trial court properly sustained the general demurrer to the petition as amended and dismissed it.

*Judgment affirmed. All the Judges concur, except Felton, C. J., and Nichols, P. J., who dissent.*

FELTON, Chief Judge, dissenting. On the former appearance of this case in this court the judgment was reversed because the petition did not state a cause of action because it did not allege facts to show that the defendant was negligent in leaving a hole in the incomplete concrete floor and because there was no actionable negligence alleged against the defendant by reason of the slanting floor because the slant in the floor was not alleged to have been a proximate cause of the injuries to plaintiff. Before the judgment of this court was made the judgment of the trial court the plaintiff amended the petition by adding thereto the following allegations: "16-A. The plaintiff shows that the slant or incline in the floor was the proximate cause or contributing proximate cause of the rolling of the scaffold and the fall of the plaintiff and the injuries to and damages suffered by him as set out hereinafter. 16-B. At all times mentioned herein the slant or incline in the floor was a latent and concealed condition existing in the floor of the hangar as aforesaid, which slant or incline was placed there by the defendant and of which slant and incline and dangerous condition the defendant had full and complete knowledge at all times mentioned herein, and of which condition the defendant failed to notify the plaintiff prior to his entry upon the premises and using of the rolling scaffold thereon. 23(h) In allowing and permitting the invited plaintiff to enter upon the premises of the hangar for the purpose of using rolling scaffolds thereon with the full and complete knowledge by the agents of the defendant, whose names are unknown to the plaintiff but well known to the defendant, that the said slant and incline in the floor would cause the scaffolds used by the plaintiff to roll and become unsafe as a result thereof. 23(i) In failing to warn and caution the plaintiff as an invitee that rolling scaffolds, such as those known to have been in use by the plaintiff, would roll or be put into motion as a result of their use upon the slanted or inclined floor and become unsafe for use by the plaintiff. 23(j) In failing to warn and caution the plaintiff that the slant or incline in the floor was a concealed and dangerous condition whereby

rolling scaffolds would be put into motion upon their use, all of which facts were observed by the agents of the defendant, whose names are unknown to the plaintiff but well known to the defendant, at times prior to the fall by the plaintiff, and thereby the defendant had actual knowledge of the use of said rolling scaffolds upon the slanted and inclined floor. 23 (k) In failing to exercise the degree of care required by law for invitees, including the plaintiff, in allowing, permitting said slant or incline in the floor, and failing in its duty to warn or caution the plaintiff against the existence of, or to protect the plaintiff from said slant or incline in the floor which would and did cause the scaffold to roll, the same being the proximate cause of the plaintiff's fall."

The original petition contained most, if not all of the allegations contained in the amendment. All that was necessary to be added by amendment was the allegation that the slanting floor with the related facts was the, or a, proximate cause of the injuries. Upon proof of the facts alleged the jury would have been, authorized to find against the defendant. It does not appear as a matter of law from the allegations of the petition as amended that the plaintiff could have avoided the alleged negligence of the defendant by the exercise of ordinary care after he discovered it or after he should have discovered it by the exercise of ordinary care, or that he was barred in the first instance by his own negligence. If an amendment "spans the chasm between the declaration and the requirements of the law, the declaration is amendable in the manner offered by such amendment." Owens v. Owens, 190 Ga. 191 (8 SE2d 644) ; Ware v. Martin, 208 Ga. 330 (66 SE2d 737) ; Code § 81-1302; Ga. Procedure & Practice, Leverett, Hall, Christopher, Davis & Shulman, § 7-3, pp. 166, 167.

The answer to the entire problem is that the original petition did not set forth a case of actionable negligence because of the absence of the allegation of proximate cause. The case of Gordon County Broadcasting Co. v. Chitwood, 212 Ga. 21, supra, does not fit this case by any stretch of the imagination. The amendment cured this defect and the demurrer should have been overruled.

The reasonable and plausible interpretation of our former opinion in this case is that the only reason the petition did not set forth a cause of action was that the slant in the floor was not alleged to be the proximate cause of the injuries. We probably should have expressly stated in that opinion that the plaintiff was not barred by his own negligence. So far as I was concerned that was my conclusion then. It is now. The other decision should not be construed as reversing the case as to an amendable defect when the case could have been *finally disposed of by* simply ruling that the plaintiff was barred by his own negligence. The reversal on one ground in the former appearance is the implied exclusion of all other grounds.

Nichols, P. J., concurs in the foregoing dissent.

ON MOTION FOR REHEARING.

BELL, Judge. Plaintiff urges in his motion that the opinion of this court in the prior appearance here established the law of the case to be that there was only one essential element in the petition needed to state a cause of action. The movant further argues that the presumption is that all questions as to the sufficiency of the petition when tested by general demurrer were decided in the prior decision regardless of whether such questions were expressly treated in the opinion, and cites in support of these contentions *Metropolitan Life Ins. Co. v. Saul,* 189 Ga. 1 (5 SE2d 214); *New York Life Ins. Co. v. Ittner,* 62 Ga. App. 31, 36 (8 SE2d 582); *McBurney v. Woodward,* 86 Ga. App. 629 (72 SE2d 89).

We disagree.

In Division 1 of the previous opinion we stated that: "The petition shows that all work on the hangar had not been completed *and does not show that the plaintiff did not know of the unfinished floor."* (Emphasis supplied). By this language the court recognized the presence in the case of the question as to whether the plaintiff's injuries were proximately caused by his own negligence. This question was left unanswered and undecided, and we are not precluded from deciding it now. The presumption enunciated in the *Ittner* case and others cited by the plaintiff is thus clearly rebutted here by the court's own language used in the prior case.

*Motion for rehearing is denied.*